**STATE of Missouri at the relation of Nathan FISHER and Minnie Fisher, Husband and Wife, Relators-Appellants,**

**v.**

**Leroy FISHER, G. A. McCalmon, Peter Jones, Charles Carneal, Ralph Martin, S. D. Atkinson and Betty Cochran, Respondents.**

**No. 24907.**

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1968.

C. B. Fitzgerald, Warrensburg, Crouch & Fitzgerald, Warrensburg, for relators-appellants; E. J. Murphy, Butler, of counsel.

Barkley M. Brock, Clinton, for respondents; Poague, Brock & Wall, Clinton, of counsel.

HARRY A. HALL, Special Judge.

This appeal is from the judgment of the Circuit Court of Henry County dismissing appellants' petition for mandamus which sought to compel respondents, as board members of Reorganized School District V, to call an election for a change of boundary, pursuant to Section 162.431, V.A.M.S.

The facts are not disputed and disclose that relators own a farm of 163 acres, three of which are located in Reorganized School District IV and the remainder in Reorganized School District V, both being six-director school districts. Relators sought an election to change the boundary of the school districts so that their entire farm would be in District V.

A written petition requesting the election was signed by the requisite number of qualified resident voters of District IV, and the original petition was filed with the county superintendent of schools. Duplicate photostat copies of the petition were filed with the clerks of Districts IV and V, who were also notified of the original filing with the county superintendent. District IV accepted the petition and set a date for the election. Respondents did not question the authenticity of the original petition or the validity of the signatures thereon but refused to proceed with the election, for the assigned reason that the photostat copy filed with them was not a petition as required by the statute.

The statute, Section 162.431 (V.A.M.S.) insofar as pertinent, provides:

"When it is necessary to change the boundary lines between two six-director school districts * * * ten per cent of the voters in any district affected * * * may petition the district boards of directors in the districts affected * * *. The secretaries of the district school boards shall give notice of an election on the desired change before the next annual or biennial election * * *."

This section was enacted by the legislature in 1955 (Laws 1955, p. 528) and specifically amended the law governing boundary changes for six-director school districts. Previously such districts had been included with all school districts under Section 165.170, R.S.Mo.1949, which required that boundary changes be initiated by a petition signed by ten voters and which is still applicable to the common school districts (162.681 V.A.M.S.).

In construing the school laws our courts have avoided all technical or strict construction that would defeat the legislative intent that they be used by laymen to meet local school problems.

■ The legislative purpose to further simplify the adjustment of boundaries between six-director school districts is clear, since the statute as last amended does not prescribe the form or method of presenting a petition nor require that it be written or signed as distinguished from the former law.

This court in State ex rel. Morrison v. Sims, 201 S.W. 910, 1. c. 911, held that the school law was "designed as a workable method by plain, honest, worthy citizens not specially learned in the law." The court was there considering the sufficiency of a petition to organize a consolidated school district. The petition in question consisted of three separate pieces of paper which failed to state the county in which the petitioners resided or that a majority resided in the county. In holding the petition sufficient, the court stated that technical objections are "a character of objection not much favored in proceeding under this school law."

The validity of an election to change school district boundaries under the old laws, which required a signed petition, was considered by this court in Ward v. Consolidated School District, 225 Mo.App. 1139, 16 S.W.2d 598, where a petition was filed with the clerk of one district, who made a copy which he retained, and the petition was then filed with the clerk of the other district. The court upheld this procedure, saying (1. c. 602):

"* * * There is no requirement in the statute that separate petitions be signed and filed; and we hold that the procedure followed in this case was sufficient."

In State ex rel. Kugler v. Tillatson, 312 S.W.2d 753, the Supreme Court held that a petition for change of boundaries under this statute was sufficient where a wife had signed her husband's name with his permission, the court saying, 1. c. 756:

"* * * Beyond all question the name of Mr. Lunsford was validly affixed to the petition under general law. Nor do we think that § 165.294 requires more. It provides that 'ten qualified voters * * * may petition the district boards * * *'; specifically, it says nothing about personal signatures. There are, as the Court of Appeals states, other sections of that chapter which require petitions or notices 'signed by' qualified voters (for instance § 165.170; § 165.300; § 165.310); indeed, the former section governing changes of boundaries, § 165.-170 (made applicable to all districts by § 165.293), required a petition 'signed by ten qualified voters.' The omission of that requirement in the new section, and its continuing inclusion in other sections of the chapter, certainly does not indicate to us an intention to require personal signatures exclusively. * * *"

■ Our courts have always given a liberal interpretation to the school laws and held that a substantial compliance with them was sufficient, because of the legislative intent that they are to be administered by laymen. In view of the present number and complexity of the school laws, any other interpretation would defeat the legislative purpose.

It is quite understandable that relators, as "plain, honest, worthy citizens not specially learned in the law", would file their petition with the county superintendent of schools, since under the law (Section 179.-040, V.A.M.S.) he has "general supervision over all the schools of his county, except in school districts employing a superintendent who devotes a least one-half of his time to the direct work of supervision" and the school laws usually involve him in all school problems at some stage of the proceedings.

Section 162.431 was designed to give reasonable notice to the school boards that the required number of voters wanted an

**66**

election on the boundary question. The duplicate original petition supplied all the necessary information, setting forth the districts involved, with the proposed boundary changes detailed, and the names of the voters requesting the election. Respondents at no time questioned the fact that the petition filed with them was a duplicate original of the petition filed with the county superintendent and a most simple inquiry would have established the facts. Instead they took the technical position that the paper was not a petition within the terms of the statute, although it had been accepted as such by the directors of District IV.

Modern business methods of duplicating written records and documents have been approved by our courts and such duplicate originals are uniformly accepted as valid as originals when properly identified.

In Adler v. Ewing, Mo.App., 347 S.W.2d 396, the court in upholding the receipt of a duplicate original held, l. c. 402:

"* * * a 'duplicate' is an original instrument repeated, or a document the same as another in the essential particulars and differs from a copy in being valid as an original. Schroer v. Schroer, Mo., 248 S.W.2d 617. * * *"

See also Woodward v. J. J. Grier Co., Mo. App., 270 S.W.2d 155, 158; 28 C.J.S. Duplicate, p. 590; Vol. 13A, Words and Phrases, p. 432.

We find upon the record that relators' petition was in substantial compliance with the statute. Respondents were given exactly the same notice by the duplicate original petition as they would have received from the original petition and their failure to proceed with the election as requested was a violation of their statutory duties. They had no discretion to do otherwise, and in such circumstances our courts have required compliance with the school laws. See State v. Tillatson, supra.

The judgment of the circuit court is reversed; the cause remanded to that court

with directions to set a date for a special election at which time the voters of Reorganized School Districts IV and V may vote upon the change of boundaries, and to issue its writ of mandamus to the respective school boards of said districts (and any successors in office) to take all necessary steps toward that end. Resubmission of the petition to the board of directors of either school district shall not be required.

All concur.