STATE of Missouri ex rel. Fred DOYLE
and Judy Doyle, Respondents,

v.

C. E. LITTRELL et al., Appellants.

No. KCD27330.

Missouri Court of Appeals,
Kansas City District.

Dec. 8, 1975.

Roger Guy Burnett, Liberty, for appellants.

Thomas E. Allen, Liberty, for respondents.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Relators sought a writ of mandamus in the circuit court to force the Board of Directors of Smithville R 2 School District ("Smithville") to call a special election for a change of its boundaries. From the grant of a permanent writ as prayed, Smithville appeals.

Relators previously lived on a tract of land within the Kearney School District and their four children attended school there. More recently, Relators have moved to a different tract of their land lying within the Smithville School District. Their present home is approximately ten miles from the Kearney school and approximately fifteen miles from the Smithville school. By agreement with Kearney, the Relators were allowed to enroll their children in the Kearney District with the understanding that they would petition both school districts to change the boundary so that Relators would then reside in the Kearney District.

Pursuant to that understanding, Relators obtained the necessary number of signatures to a petition for a change of school district boundaries under the provisions of Section 162.431, RSMo Supp.1973, and filed the petition with both districts. Kearney accepted the petition, included the issue on its ballot at the next general election, and the Kearney voters did approve the boundary change.

Smithville, however, refused to submit the issue to the voters in that district. The reasons given for that refusal were: 1) that the petition was defective in its description of the territory to be affected; and 2) that the petition was defective in that it consisted of two pages stapled together with all signatures appearing by themselves on the second page. The trial court found both of those objections to be without merit. On this appeal, Smithville assigns each of those rulings as error.

I.

*Sufficiency of the Description of Territory Affected*

The petitioning portion of the document filed by Relators with Smithville reads as follows:

"We, the undersigned qualified votes [sic] of the Kearney School District No. R 1 of Clay County, State of Missouri, hereby petition the boards of education of the school election [sic], as herein to submit to the voters at the next annual school election, as provided by law, a proposition to change the boundary line between the Smithville School District No. R 2 of Clay County and the Kearney School District No. R 1 of Clay County so that the following described land area now in the Smithville District No. R 2 will be detached therefrom and made a part of the Kearney District No. R 1.

"(Description of land area)

"[Here follows the legal description by metes and bounds of five separate tracts.]"

The complaint made by Smithville focuses on the description given with respect to the fifth of those tracts. The evidence stipulated by the parties shows that this fifth tract is presently owned in its entirety by one single owner, but for some reason unexplained by the record the description of this tract as set forth in the petition refers to a fractional ownership. The precise wording of this description which is now in dispute reads as follows: "An undivided $\frac{1}{21}$ interest in the east half of the Southwest quarter and the North 55 acres of the West half of the Southeast quarter, all in Section Two, Township 53, range 32, all in Clay County, Missouri."

Smithville contends that this description fails to describe a definite territory to be lost by Smithville and to be gained by Kearney. More specifically, its brief argues that "it is wholly impossible to change $\frac{1}{21}$st interest in real estate from one school district to another."

By this argument Smithville seeks to test the petition for boundary change by the same rules which would apply to a deed of conveyance. The two situations are not at all analogous. The purpose of a deed is to convey an ownership interest. Therefore the key question in that situation is what quantum of ownership is described by the deed. On the other hand, the purpose of a petition under § 162.431 is to change the physical boundary of a school district. The title to the land to be shifted is not affected, and the nature of rights of private ownership therein is completely immaterial. The sole question of concern is what physical property is to be shifted from one school district to the other, and it is a matter of indifference by whom the property is owned or how that title may be divided between multiple owners.

The description here of the fifth tract does sufficiently meet the purpose for which it was used. The requirement to be met is simply that the petition state "what changes are requested or what territory the districts affected are to gain or lose, or where the new boundary would be." *State ex rel. McGuire v. Hermann*, 403 S.W.2d 1, 6 (Mo.App.1966). As stated in the early case of *Mason v. Kennedy*, 89 Mo. 23, 14 S.W. 514 (1886): "The important thing for the voter in each district to know was how his district was to be affected by the creation of the new district, and what particular territory his district would lose in the creation of the new one." Those cases, as well as the other Missouri decisions on this subject, direct attention solely at the adequacy of defining a physical territory, without regard to the ownership rights therein. This objective, that of defining the physical tract of land to be affected, is fully met by this petition.

The phrase "[a]n undivided ½₁ interest," at which Smithville aims its attack, relates solely to rights of ownership. As already stated, the question of ownership is immaterial for present purposes and this phrase should therefore be regarded as purely surplusage. Furthermore, the use of the word "undivided" in the challenged phrase emphasizes that the entire physical tract was intended to be included and forecloses any thought that the petitioners might have intended to detach from Smithville only a fractional geographic portion of this fifth tract.

The court decisions of this state have stressed that § 162.431 and its predecessors contemplated use of the statutory procedures by laymen not necessarily learned in the law and that therefore these procedures are to be liberally construed and applied. *State ex rel. Fisher v. Fisher*, 433 S.W.2d 63, 65 (Mo.App.1968). In the present situation Kearney and the trial court were of the belief, in which this court joins, that the intention of the petitioners with respect to the fifth tract was abundantly clear to the effect that this piece of land as one single physical entity was to be detached from Smithville and added to Kearney. If the Smithville board had any concern about voters possibly being confused by the surplus phrase "[a]n undivided ½₁ interest" the board had the power to cure any possible problem by striking this phrase from the notice to be given to the voters and the proposition as stated on the ballot. *England v. Eckley*, 330 S.W.2d 738, 746 (Mo. banc 1959; *State ex rel. McGuire v. Hermann, supra.*

## II.

### Separation of Signature Page From Body of the Petition

Under this point, Smithville contends that the separation of the signatures on a different page from the petitioning language renders the entire petition invalid. In this connection, Smithville argues, "there is absolutely no way it can be determined that the persons whose names appear on the second page in fact signed a petition for a change of boundary, or whether this was a piece of paper on which someone had simply written a number of names, or whether it was a piece of paper on which a

number of people had written their names for any purpose, totally unconnected with any petition for change of school boundary."

In evaluating this argument by Smithville, it should first be noted that § 162.431 states merely that ten percent of the voters "may petition" the district boards of education, without specifying any particular form which the petition must take. Indeed this court has intimated that the petition need not even be in writing or signed. *State ex rel. Fisher v. Fisher, supra.* However that may be, the petition here is in writing and has been signed by the requisite ten percent.

There is no evidence in this record to show nor is there any indication that Smithville had any reasonable ground to suspect that the signatures to this petition were in any way fraudulent. Even if there were some basis upon which Smithville could have entertained suspicions as to the genuineness of these signatures, then it would be under a duty to conduct some reasonable investigation rather than to dismiss the petition out of hand. *State v. Tillatson,* 312 S.W.2d 753 (Mo. banc 1958).

Smithville's objection, based on the separation of the signatures on a page different from the one stating the changes desired, is hypertechnical and flies in the teeth of the accepted rule that these petitions are to be treated liberally. *State v. Tillatson, supra; England v. Eckley, supra; State ex rel. Fisher v. Fisher, supra; State ex rel. McGuire v. Hermann, supra.*

Affirmed.

All concur.