STATE of Missouri ex rel. Marvin ALFORD et al., Respondents,

v.

Claude BYBEE et al., Appellants.

No. 10506.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 8, 1979.

John M. Carnahan, III, Douglas W. Greene, Greene, Cassity, Ferguson, Carnahan & Freeman, Springfield, for respondents.

William H. McDonald, Woolsey, Fisher, Whiteaker & Stenger, Springfield, for appellants.

Before TITUS, P. J., and HOGAN and MAUS, JJ.

PER CURIAM.

Appeal from mandamus proceedings in the Circuit Court of Hickory County wherein the Board of Directors of Hickory County R–1 School District were ordered to conduct an election for change of school boundary lines pursuant to § 162.431, RSMo 1969. We affirm.

Hickory County R–1 School District and Dallas County R–1 School District are six-director school districts and petitions were submitted to them for a change of boundaries. Dallas County R–1 School District submitted the proposed boundary changes to its voters in April, 1976, and the changes were approved. Hickory County R–1 School District refused to submit the proposed boundary changes and this proceeding in mandamus followed. An alternative writ of mandamus issued, return was made thereto, and a hearing held. The court issued a preemptory writ ordering Hickory County R–1 School District to conduct an election on the proposed boundary changes.

The Hickory County R–1 School District board president testified the reason the board did not order an election was because "we didn't think that the petitions was [sic] just exactly right on different things", and "we had advice that they [sic] might be some difference in the boundary changes interlapping and some of it didn't join and stuff like that."

The board president acknowledged, on cross-examination, that in prior years the board had received numerous petitions seeking a change in boundaries and had never placed any of them on the ballot.

The petitions filed with the two school districts comply with § 162.431, RSMo 1969. The duties of the boards were simply ministerial, namely, to post the requisite notices and present the proposed boundary changes to the voters. Mandamus was the proper remedy upon Hickory County R–1 School District's failure to do so. *England v. Eckley*, 330 S.W.2d 738 (Mo. banc 1959); *State ex rel. Kugler v. Tillatson*, 312 S.W.2d 753 (Mo. banc 1958); *State ex rel. Doyle v. Littrell*, 531 S.W.2d 52 (Mo.App.1975); *State ex rel. Fisher v. Fisher*, 433 S.W.2d 63 (Mo.App.1968); *State ex rel. McIntosh v. Rainey*, 397 S.W.2d 344 (Mo.App.1965).

The judgment of the circuit court is affirmed and the cause is remanded to the court with directions to set a date for a special election at which time the voters of Hickory County R–1 School District may vote upon the proposed change of boundaries, and to issue its supplemental writ of mandamus in preemptory form requiring appellants (and any successors in office) to take all necessary steps toward that end. *State ex rel. Kugler v. Tillatson*, supra.

It is so ordered.

All concur.