**Grace NAUGHER, Barbara Carr, A. J. Wiegand, Robert M. Dodson, Sharon Schacher, Individuals and The City of St. Peters, Missouri, a city of the fourth class, ex rel. The State of Missouri, Appellants,**

v.

**Arthur MALLORY, Commissioner of Education of the State of Missouri, and The State Board of Education of the State of Missouri, Respondents.**

**No. WD 32477.**

Missouri Court of Appeals,
Western District.

March 23, 1982.

Dale L. Rollings, James A. Borchers, St. Charles, for appellants.

John Ashcroft, Atty. Gen., Edward F. Downey, Asst. Atty. Gen., Jefferson City, for respondents.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

By petition in mandamus, appellants sought a compulsory directive that respondents, the Commissioner of Education of Missouri and the State Board of Education, implement procedures leading to an election for establishment of a six-director school district in the city of St. Peters. Relief was denied by the trial court and this appeal followed.

The case is presented here on a joint stipulation of facts. The growing community of St. Peters, located south and west of metropolitan St. Louis, is served by three school districts, each of which also includes rural areas of sizable proportions beyond the St. Peters city limits. With the stated intention of creating a new St. Peters School District, residents of St. Peters presented a petition bearing 625 signatures to the Commissioner of Education in July 1978. The petition contained the following recitation:

> "We the undersigned residents of the R–2 Fort Zumwalt School District of St. Charles County, Missouri are petitioning the Board of Education to establish the appropriate precedure [sic] in order to consider the question of creating a St. Peters School District as taken from the existing R–2 Fort Zumwalt School District."

In addition to the R–2 District, the city of St. Peters was also served at the times

material hereto by the Francis Howell R–3 District and the St. Charles R–6 District with the result that children in St. Peters would attend one of three separately administered schools, the choice being dependent on where the child's residence was located. In their petition to the state, however, appellants made no reference to the R–3 or R–6 districts. The petitioners described themselves as residents of the Fort Zumwalt District and the petition expressed concern at a perceived failure of the district to meet the educational needs of children in St. Peters.

The petition was received at the State Department of Education and was returned with a letter dated July 27, 1978. The petitioners were advised that no statutory method existed whereby a new St. Peters School District could be created from a portion of the Fort Zumwalt District. Additional correspondence followed, to no avail, and this action in mandamus followed.

The thrust of appellants' contention, which surfaces in this record for the first time when the mandamus action was filed December 27, 1979, is that §§ 162.211 and 162.221, RSMo 1978[1] cover the situation in St. Peters, a city divided by school district lines not located in a county of the first class. Appellants argue that the Commissioner of Education is chargeable with knowledge of these facts and, when confronted with their petition, although inartfully drawn, the Commissioner should have recognized the applicability of § 162.211[2] to the situation. The required action was, they say, to dispatch a representative to St. Peters to determine the boundaries of the new school district and arrange for a popular election. Enforcement of procedures under the petition as filed rather than petitioning the Board of Education anew is critical to the school reorganization efforts by appellants because St. Charles County became a county of the first class January 1, 1979, and thereafter § 162.211 no longer applied.[3]

■ In their challenge to the order of the trial court quashing the alternative writ and dismissing the petition, appellants first contend the court erred as to the facts and the law when it held the petition to the Board of Education was insufficient as an attempt to form a six-director district because petitioners were not voters of a city divided by a school district boundary but were voters of only the Fort Zumwalt School District. Appellants assert their petition showed those who signed were St. Peters residents and, as such, § 162.211 grants to them the opportunity to vote to establish a six-director district. Appellants contend those who signed the petition were entitled to call for the election, and it was

1. 162.211. Six-director district, who may establish.—A six-director school district may be established by the voters of
   (1) Any city or town which is divided by a school district boundary line and which is not located in a county of the first class;
   (2) Any two or more adjacent six-director school districts without limitations as to size or enrollment.
   162.221. Six-director district, procedure to organize.—1. When the voters of any one or more districts as authorized in section 162.211, except those districts designated in subdivision (2) thereof, desire to form a six-director district, a petition signed by at least ten percent in number of those voting for school board members in the last annual school election in each district or one hundred voters, whichever is the higher number, shall be filed with the state board of education. On receipt of the petition, a representative of the state department of education, designated by the commissioner of education, shall visit the districts and determine the exact boundaries of the proposed six-director district. In determining these boundaries, he shall so locate the boundary lines as will in his judgment form the best possible six-director district, having due regard also to the welfare of adjoining districts.
   2. Within sixty days after the receipt of the petition, the commissioner of education shall submit the question to the voters of the proposed district. The notice shall include a statement of the purpose together with a plat of the proposed district. The state commissioner shall file a copy of the petition and of the plat with the county clerk. The election shall be conducted in the manner provided in section 162.191.

2. All references are to RSMo 1978.

3. The parties have not briefed and we do not consider the question of whether an election as provided in § 162.221 may take place in a first-class county based on a petition circulated before the county classification changed.

immaterial which school district each represented so long as all resided in St. Peters.

Assuming for the purpose of disposition here that the Commissioner was chargeable with notice that all petitioners resided in the city of St. Peters, an assumption by no means presumptive because many signatures were followed by no more than a street number and street name, the issue is not one of eligibility to participate in an election to establish a six-director district. The petition in mandamus charges that the petition was sufficient to require implementation of the procedures under § 162.221. The trial court found, as the petition itself stated, that those signing all resided in the Fort Zumwalt District. It therefore follows, necessarily, that no residents of the Francis Howell or St. Charles districts were petitioning for creation of the six-director district. Section 162.221 plainly requires that a petition to create the six-director district authorized by § 162.211 contain signatures of "at least ten percent in number of those voting for school board members in the last annual school election in each district or one hundred voters, whichever is the higher number." The Commissioner no doubt concluded, as the trial court found, that the petition failed to generate any required action under § 162.221 because no patrons of the two other affected districts had joined in seeking election for a six-director district.

It is to be anticipated that a six-director district established under § 162.211 will unify school administration in the city by amalgamating portions of school districts which formerly divided the city. The petition to set the boundaries of the new district need not, however, be generated by city residents alone. In fact, the petition would normally include school district patrons without regard to residence in the city because it could well be impossible to meet the minimum signature requirement if only a small portion of one of the districts, as here, intruded into the city. There is no restriction, expressed or implied, in the statute that those who petition must live in the city or town, only that each school district be represented by the minimum number of petitioners.

In the present case, the petition to establish a St. Peters School District was insufficient in fact and in law because it did not contain signatures of at least ten percent of those voting at the last school board elections in the Francis Howell and St. Charles school districts as well as those voting in the Fort Zumwalt District, all three districts being partially within the city limits of St. Peters. It was immaterial whether the petitioners lived in St. Peters at all. Appellants made no attempt to show qualification of the petition with the representative requirements from the three school districts and the trial court was therefore correct in holding that the petition by residents of the Fort Zumwalt District created no duty on the respondents to act pursuant to § 162.221.

Appellants next take issue with the trial court's finding that the relief sought by mandamus was not the same as was requested in the petition to the Board of Education. This point turns on the petition phrase "creating a St. Peters School District as taken from the existing R-2 Fort Zumwalt School District." The response given appellants by an official in the office of the Commissioner of Education upon receipt of the petition was that no statutory procedure existed to create a new district from part of the existing Fort Zumwalt District. Appellants concede that this is correct, but they argue the petition was sufficient to give notice of what appellants were attempting to accomplish and the Board of Education had a duty to advise of §§ 162.-211 and 162.221 and assist appellants in implementing the provisions of those statutes. They also point to later correspondence which they contend shed further light on the objective sought.

■ Laws governing administration of schools are to be liberally construed and applied because they are usually implemented by laymen. *State ex rel. Doyle v. Littrel*, 531 S.W.2d 52, 54 (Mo.App.1975). Although technical compliance is, for this reason, not required, substantial compliance is. *State ex rel. Reorganized School District R-2 of Newton County v. Robinson*, 276 S.W.2d 235 (Mo.App.1955); *State ex rel. Kugler v. Tillatson*, 312 S.W.2d 753 (Mo.

banc 1958). The function of a writ of mandamus is to enforce, not establish, a claim or right and its purpose is to execute, not adjudicate. *State ex rel. Commissioners of State Tax Commission v. Schneider,* 609 S.W.2d 149 (Mo. banc 1980). The general rule is that a court will issue a writ of mandamus only where it is shown that one requesting the writ has a clear and unequivocal right to the relief requested and a corresponding present, imperative, unconditional duty imposed on the respondent which the respondent has breached. *State ex rel. Sprague v. City of St. Joseph,* 549 S.W.2d 873 (Mo. banc 1977). It is not a writ of right and its issuance lies in the sound discretion of the trial court. *Norval v. Whitesell,* 605 S.W.2d 789 (Mo. banc 1980).

■■■ In the challenged findings, the trial court held that the petition in mandamus sought relief different from that contained in the petition to the Board of Education. From the documents, it is self-evident that the petition to the Board of Education described the project as establishment of a new district taken from the Fort Zumwalt District while the petition in mandamus added territory to be taken from the Francis Howell District. Under the authorities cited, the right to be enforced by mandamus must be clear and unconditional and be already established when the petition for the writ is lodged. Irrespective of the interpretation to be given the statute, relief under the writ could not exceed that for which appellants had previously petitioned the Board. Since no mention was made of the Francis Howell District in the initiative petition presented by residents in the Fort Zumwalt District, there was no basis to contend the respondents owed a duty to locate new boundary lines including areas from both districts. There was a change in the details of the school reorganization and the trial court correctly held that the petition in mandamus was not an appropriate vehicle to enlarge the subject matter.

■ The trial court also held that the relief could not be granted because even as expanded by the petition in mandamus, appellants had not included those portions of all three school districts necessary to create a St. Peters District constituting the entire city. As noted earlier, the St. Charles District also served an area of St. Peters but appellants' proposal for designation of new district boundary lines, even as described in the petition for mandamus, includes no part of the St. Charles District.

Appellants field no argument and cite no authority to demonstrate that the trial court was in error in holding that a St. Peters School District organized under § 162.211 necessarily would include portions of all three districts within the city limits of St. Peters. Such appears to be the reasonable application of the statute where the purpose is to define school district lines by the boundaries of the municipality. If there be some issue in application of the statute to circumstances where more than two school district boundaries divide a city, mandamus is not the appropriate form to resolve the controversy. The question is at least enough to support a conclusion that appellants have shown no unconditional duty on respondents to designate boundaries for a new St. Peters School District composed of portions of the Fort Zumwalt and Francis Howell districts. For this and the other reasons given, the trial court was correct in quashing the preliminary writ and dismissing the petition.

The judgment is affirmed.

All concur.