**STATE of Missouri ex rel. Charlotte GEORGE, et al., Appellants,**

v.

**BOARD OF EDUCATION OF ANACONDA SCHOOL DISTRICT, et al., Respondents.**

No. 53012.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer Denied Nov. 24, 1987.

Application to Transfer Denied Jan. 20, 1988.

Thomas A. Mickes, James G. Thomeczek, Peper, Martin, Jensen, Maichel and Hetlage, St. Louis, for appellants.

William W. Eckelkamp, Eckelkamp, Eckelkamp, Wood and Kunenzel, Washington, for respondents.

CRIST, Judge.

This is an appeal from a summary judgment granted in favor of respondents on appellants' petition for a Writ of Mandamus. By that writ the St. Clair R–XIII School District and several residents of the Anaconda School District (St. Clair) sought to compel the Board of Education of the Anaconda School District (Anaconda) to hold an election, under § 162.431, RSMo 1986, on a proposed school district boundary change. The result of the desired boundary change would be to make part of the area presently in the Anaconda School District part of the St. Clair School District. We reverse and remand.

On January 6, 1987, thirty-seven eligible voters in the Anaconda School District submitted a petition to the Anaconda Board of Education requesting that a change-of-boundary proposition be placed on the ballot at the next municipal election. On January 12, 1987, a substantially similar petition was submitted to the St. Clair R–XIII Board of Education by ninety-nine eligible voters from the St. Clair School District. The St. Clair R–XIII Board of Education certified the proposition; the Anaconda Board of Education refused to.

On February 11, 1987, St. Clair filed a Petition for a Writ of Mandamus to have the proposition placed on the ballot in the Anaconda School District. A writ was granted; however, on February 18, 1987, it was set aside. Summary judgment was granted Anaconda on March 25, 1987, and the writ was denied.

In its answer to St. Clair's petition, Anaconda raised two defenses: (1) the petitions to have the proposition put on the ballot were not identical and each was signed by residents of the school district to which it was submitted rather than both being signed by residents of the same school district, in violation of § 162.431.1, RSMo 1986; (2) the boundary change was a "subterfuge and artiface" to place the issue of the annexation of the Anaconda School District on the ballot within two years of the electoral defeat of that proposition in violation of § 162.441.5, RSMo 1986. Anaconda moved for summary judgment on the first

rationale. The court granted summary judgment on the second.

In reviewing a summary judgment we review the whole record and will not reverse a correct result even where granted for the wrong reason. *Westbrook v. Mack,* 575 S.W.2d 921, 923–24 [3] (Mo.App.1978). That the trial court granted summary judgment on a ground other than requested thus would not of itself prevent us from affirming. *Westbrook,* 575 S.W.2d at 924 [4]; *Labor Discount Center, Inc. v. State Bank & Trust Co. of Wellston,* 526 S.W.2d 407, 429 [38] (Mo.App.1975).

The petitions submitted to the two school boards in January 1987 proposed the same boundary changes. The wording, however, was not identical and each petition was signed by voters of the school district to which that petition was submitted. Anaconda asserts § 162.431.1 requires that both petitions be signed by voters in the same school district. In granting Anaconda's motion for summary judgment, the trial court found against Anaconda on this argument.

Section 162.431.1 provides that "voters in any district affected ... may petition the district boards of education." Petitions to both boards of education signed by voters in only one of the affected districts have been allowed. *See State ex rel. Doyle v. Littrell,* 531 S.W.2d 52 (Mo.App.1975). That the voters in one district may petition both boards is not in conflict with St. Clair's interpretation of "voters in *any* district" (emphasis added) as allowing voters from each district to petition their board of education. *See State ex rel. Kugler v. Tillatson,* 312 S.W.2d 753, 755 (Mo.banc 1958) (petitions signed by different persons allowed under 1957 law). The petitions complied with § 164.431.1.

In its answer and on appeal, Anaconda asserts the result of the proposed boundary change would be the destruction of the school district and its annexation to the St. Clair school district. A proposal for annexation was defeated by voters in the Anaconda School District in 1986, and Anaconda asserts this proposal is just another attempt at annexation. Section 162.441.5 prohibits an annexation proposal within

two years of the failure of such a proposal. Anaconda argues, and the trial court found, the boundary change proposal is likewise prohibited during this period.

In response, St. Clair argues that § 162.441 and the statute governing boundary changes, § 162.431, are distinct and that regardless of the impact of the boundary change the election is not prohibited by § 162.441. St. Clair is correct in asserting that a boundary change is allowed even if it destroys the viability of one of the school districts. *State ex rel. Neely v. Vanderpool,* 577 S.W.2d 146, 149 [1] (Mo.App. 1979). That, however, is not the issue in this case.

■ Here we have a failed annexation proposal followed in less than two years by a proposal for a boundary change that might lead to the same result. As mentioned above, § 162.441.5 provides for a two-year hiatis between annexation propositions. Section 162.431.5 contains a similar provision; "no new petition for the same, or substantially the same, boundary change between the same districts shall be filed until after the expiration of two years from the date of the municipal election." The issue then is, reading the statutes together can propositions with the same result be placed before the voters within a two-year period just by using different statutes. We say no.

Statutes in the same chapter dealing with the same subject must be considered together. *State ex rel. Lebeau v. Kelly,* 697 S.W.2d 312, 315 [5] (Mo.App.1985). And they should be construed "in harmony with reason and common sense ... to avoid unreasonable and absurd results." *In Interest of B.C.H.,* 718 S.W.2d 158, 162 [11] (Mo.App.1986).

Both § 162.431 and § 162.441 provide for changing school district composition; § 162.431 by changing boundaries and § 162.441 by annexation. Both statutes prohibit the placing of a proposition on the ballot in the two-year period following the failure of the same proposition. §§ 162.-431.5 and 162.441.5. While the result of a § 162.431 boundary change can be the elimination of one of the school districts, *State ex rel. Neely,* 577 S.W.2d at 149 [1], it is

absurd to believe the legislature meant to allow a boundary change proposition to be placed on the ballot within two years of the defeat of an annexation proposition where the result of the proposed boundary change would be the same as the defeated annexation proposition. To hold otherwise would require us to find that the legislature did not intend the two-year wait required by a plain reading of § 162.441.5.

■ If the proposed boundary change is in effect an annexation proposal it is barred by §§ 162.431.5 and 162.441.5. However, if the boundary change is not so extreme nothing in chapter 162 forbids the boundary change proposal. Anaconda claims the proposed boundary change will result in an annexation; St. Clair claims it will not. On review of a summary judgment we must reverse if there is any question of material fact. *Halford v. American Preferred Insurance,* 698 S.W.2d 40, 42 [5] (Mo.App. 1985). The effect of the proposed boundary change on the continued existence of the Anaconda School District is a question of fact.

Judgment reversed and remanded.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.