Garland W. FARNSWORTH, Appellant,

v.

**Michael WEE and Lawrence Joiner, Respondents.**

**No. WD 39392.**

Missouri Court of Appeals, Western District.

Jan. 12, 1988.

Garland W. Farnsworth, pro se.

Charles R. Brown, Fields, Brown and Jackson, Kansas City, for respondents.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

CLARK, Presiding Judge.

This appeal is from the order of the trial court sustaining the motion of respondents to dismiss appellant's petition for writ of mandamus. Among the grounds recited by the trial court as a basis to dismiss the petition was the conclusion that mandamus was inappropriate in this case because appellant did not seek by the court's writ to enforce any established right. We agree and therefore affirm the judgment.

Taking the allegations of appellant's first amended petition to be true, the facts of the case are as follow. In June and July, 1984, the Kansas City, Missouri Police Department received telephone calls utilizing the 911 emergency network. Police investigation of those communications resulted in contacts with and the arrest of appellant. A third incident, apparently occurred of a similar nature January 1, 1985. Subsequently, appellant has commenced civil litigation against various persons, including the police, for harassment and false arrest in consequence of the 911 calls.

On July 12, 1984, appellant requested of the police department by letter an opportunity to listen to the tape recordings of the 911 calls and to make copies. From subsequent evidence in this case, it appears that the police department prepared cassette copies of the 1984 transmissions and supplied them to appellant. In January, 1985, appellant requested access to the master tape with regard to the incident that month. No response to the request was received.

The relief sought by mandamus was a declaration that appellant is entitled to review the master 911 tapes at the police department and the opportunity to make his own copy of the transmissions. Specifically, appellant asked that the court issue its writ commanding production of the tapes for inspection and copying and that appellant be awarded costs and attorney fees.

Respondents moved to dismiss the petition asserting, among other grounds, that mandamus was not an appropriate remedy because appellant was seeking to establish his right of access to the recordings and not to enforce an existing right.

For reasons not apparent in this record, but no doubt valid, the court conducted a hearing on the petition for the writ. Appellant called nine witnesses to testify. The substance of that evidence and of appellant's own explanation of his case was that respondents were, at relevant times, prepared to supply transcribed copies of any 911 transmissions in which appellant was legitimately interested, but they were not willing to provide appellant access to the police department communications center or to the master tapes. Noticeably lacking in the record is any allegation or proof that the master tapes for January, 1985, are available and intact. The evidence was that tapes are retained with the recorded material preserved for no more than ninety days, after which the tapes are reused.

Appellant's grievance seems to be that he mistrusts the fidelity of the tape copies in that he suspects they are edited and therefore seeks to listen to the original tape and prepare his own copies. No evidence to support that suspicion was presented. It is unclear from the record whether appellant was satisfied with the cassette copies of the 1984 calls and whether his mandamus action was directed toward recordings of all the calls or only the incident of January, 1985.

The learned trial judge found that appellant had failed to show a clear, unequivocal, legal right to inspect and copy the recordings but was seeking in his suit to establish that right. Accordingly, the court held a writ in mandamus not to be an

appropriate remedy and an order dismissing the petition was entered.

On this appeal, appellant asserts two points of error. He claims the dismissal of his petition should be set aside because he has a legal right to the master tapes as records of a governmental body under § 109.210(5), RSMo 1986, and The Sunshine Law, Ch. 610, RSMo 1986, and that the tapes are "arrest records." He also contends that the trial court erred by imposing on him the burden to show that the master tapes in question are still available.

■ The function of the writ of mandamus is to enforce, not establish, a claim or right and its purpose is to execute, not adjudicate. The general rule is that a court will issue a writ of mandamus only where it is shown that one requesting the writ has a clear and unequivocal right to the relief requested and the respondent has a corresponding present, imperative, unconditional duty which the respondent has breached. It is not a writ of right and its issuance lies in the sound discretion of the trial court. *Naugher v. Mallory,* 631 S.W. 2d 370, 374 (Mo.App.1982), and cases there cited.

■ In this case, the entire purpose of appellant's suit was to secure a declaration by the court that transcriptions of telephone calls received by the police department constituted material which generally should be available for public inspection and to which appellant should have been provided access. The issues of whether the master tapes constitute public records or merely internal memoranda of the police department were subjects of genuine contest in ascertaining whether appellant had a right to the access he demanded. Under well recognized authority announced in numerous cases, mandamus is not a remedy available in this situation.

Appellant attempted to circumvent this obstacle by arguing in the trial court and by reasserting here the contention that the tapes are records of a public governmental body subject to pre-emptive disclosure under the "Sunshine Law," Ch. 610, RSMo 1986, or are arrest records similarly open to inspection. The contention begs the question. If respondents had not disputed that claim or if appellant were able to cite any authority, apart from his own contentions, to show clearly and unequivocally that the statutes compelled the disclosure he seeks, adjudication of the right would be unnecessary. But such is patently not the case. The tapes do not come within the statutory definition of public records of a public governmental body merely because appellant says they are.

It is unnecessary to the disposition of this case for this court to undertake an examination of the question underlying the suit, that is, whether by statute or otherwise appellant has any right to demand entry into the police communications center for the purpose of listening to and making recordings from tape recorded telephone calls. Certainly in view of the production of cassette copies for appellant, the request is extravagant and unreasonable but arguably debatable. That debate, however, may not utilize as a forum the vehicle of a petition for mandamus. The trial court properly dismissed the petition as lacking colorable merit. We agree with that conclusion. Having reached the decision that the extraordinary remedy of mandamus is not available or appropriate under the facts of this case, it is unnecessary to consider appellant's claim that he had no burden to prove the present existence of the tape recordings in issue.

■ It is also to be noted that the trial court's judgment to deny the writ was entered upon a claim to which appellant had no entitlement as a matter of right. Issuance of mandamus lies in the sound discretion of the trial court, as does denial of the writ. *Naugher v. Mallory,* 631 S.W.2d at 374. Appellant has repeatedly made reference to a civil suit he now has pending against various parties in which he claims damages because of the 911 calls recorded on the tapes in question. Appellant has shown no cause why he cannot obtain the information he seeks by discovery or subpoena in that case. Such means being available to accomplish the same ends, the trial court would have been justified in

denying the writ in this case as unnecessary.

Finally, respondents seek an award of damages against appellant for pursuing a frivolous appeal. Some argument may be made that appellant has abused the judicial system in his persistence and in the advocacy of the claim to extraordinary relief by writ of mandamus. We are not fully satisfied, however, that the facts warrant the unusual measure of awarding damages or that this appeal was so lacking in any merit as *to be deemed frivolous*. At this point in the litigation over the subject we are constrained to deny respondents' request for damages.

The judgment is affirmed.

All concur.