**Evelyn Lantz WELCH, Appellant,**

v.

**CONTINENTAL PLACEMENT, INC., et al., Respondents.**

No. 30101.

Missouri Court of Appeals,
Western District.

June 11, 1979.

Lantz Welch, James Bartimus, Welch & Austin, Kansas City, for appellant.

Don A. Peterson, Joe W. Coleman, Kansas City, for respondents.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of dismissal of petition on grounds that action was barred by limitations. The prematurity of the appeal requires its dismissal.

On January 19, 1972, Evelyn Lantz Welch, appellant, filed a four-count petition in the Jackson County Circuit Court, seeking money damages and injunctive relief in a cause arising out of her sale of stock of Evelyn Welch Associates, Inc. to the defendants in the case. The defendants, Continental Placement, Inc., Dolores Sawyer and M. B. Sawyer, on January 31, 1972, filed an answer to the petition and a counterclaim and cross-petition. One count of the counterclaim sought damages against plaintiff for interference in the business operation of Evelyn Welch Associates, Inc., and for violation of her agreement concerning the sale of her stock in that company. A second count sought equitable relief.

The claim for equitable relief in plaintiff's petition and the equitable count of defendants' counterclaim were tried separately and determined adversely to plaintiff in April, 1972.

In December, 1975, plaintiff filed her first Amended Petition in one count, seeking reformation of the contract for the sale of her stock. Trial of that matter began on August 15, 1977. On the second day of the trial, plaintiff was permitted to amend her First Amended Petition by, in effect, including therein Counts I and II of her original petition, which had been omitted from the First Amended Petition.

The abbreviated transcript filed here indicates that, on the first day of the trial,

the defendants had dismissed their counterclaim without prejudice. Upon the trial court's overruling of defendants' objections to the amendment of plaintiff's petition, the defendants requested the trial court to reinstate their counterclaim and cross-petition. The trial court granted the request and ordered that the counterclaim and cross-petition be reinstated as a pleading in the case. Trial then proceeded on Count III of the First Amended Petition, as amended, and a judgment was entered thereon.

Defendants moved for summary judgment on Counts I and II of the petition as amended on the grounds that they were barred by the statute of limitations. The trial court sustained the motion and entered judgment for defendants on Counts I and II.

Plaintiff appeals from that judgment. Respondents suggest that the appeal is premature in that, in view of their pending counterclaim and cross-petition, the judgment appealed from does not dispose of all issues and all parties and is therefore not a final judgment under Section 512.020, RSMo 1969, and Rule 81.06.

The counterclaim arises "out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case * * *" (Rule 81.06). The judgment appealed from has not been designated as final for purpose of appeal by the trial court. Therefore, the appeal is premature and must be dismissed. *Allis-Chalmers Credit Corp. v. Baker,* 559 S.W.2d 763 (Mo. App.1977); *Dudley Special Road District v. Harrison,* 515 S.W.2d 597 (Mo.App.1974).

Appeal dismissed.

All concur.