Evelyn L. WELCH, Appellant,

v.

CONTINENTAL PLACEMENT, INC., Delores Sawyer and M. B. Sawyer, Respondents.

No. WD 31979.

Missouri Court of Appeals, Western District.

Jan. 12, 1982.

James Bartimus, Kansas City, for appellant.

Joe W. Coleman, Lawrence J. Skidmore, Kansas City, for respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

CLARK, Judge.

In a complex matrix of initial and amended pleadings and fragmented disposition of multiple claims, cross claims and counterclaims, plaintiff appeals from a judgment which dismissed Counts I and II of her

amended petition on the ground that the action there asserted was barred by the statute of limitations. Affirmed.

This case originated in a petition filed January 19, 1972, and arose out of the sale of plaintiff's stock in Evelyn Welch Associates, Inc. to defendants. An earlier appeal, dismissed for want of a final judgment, is reported at 583 S.W.2d 251 (Mo.App.1979) and reference is made to that opinion for a summary of the pertinent facts. Designation of the partial summary judgment as a final judgment for purposes of appeal pursuant to Rule 81.06 has remedied the previous deficiency and authorizes consideration of the cause on the merits of the issue presented.

In a single point, plaintiff contends the trial court erred in sustaining the defense of the statute of limitations because the challenged pleading should be deemed to relate back to an earlier pleading filed before the limitation on the claim expired. A summary of the content of relevant portions of plaintiff's various pleadings is necessary to understand the question posed.

Plaintiff's 1972 petition in Counts I and II sought actual and punitive damages from defendants on grounds of fraud and deceit. In particular, plaintiff claimed that defendants induced plaintiff to contract for the sale of stock in plaintiff's corporation by representing that defendants would work to preserve and expand the business of plaintiff's corporation when in fact defendants intended to and did transfer the assets of that business to another corporation controlled by them. Added counts sought equitable relief on plaintiff's own behalf and derivatively for her corporation by way of an accounting, for an injunction, for restoration of assets taken and for appointment of a receiver.[1]

In 1975, plaintiff filed her first amended petition in which the earlier allegations of fraud and deceit were omitted in favor of allegations that the written agreement for

1. A separate bench trial in 1972 of severed Counts III and IV resulted in judgment adverse to plaintiff's claims.

purchase of plaintiff's stock in Evelyn Welch Associates, Inc. did not set out the terms of agreement intended by the parties. The sole claim for relief in the first amended petition was for reformation of the contract to conform to the actual agreement.

Trial commenced in 1977 on the first amended petition which then presented for adjudication only the claim for reformation of the contract. Before submission, plaintiff sought and was granted leave to file a second amended petition, the content of which revived the original Counts I and II of the 1972 petition and restated as Count III the claim for reformation as asserted in the 1975 first amended petition. The trial then proceeded to conclusion on the Count III claim only and judgment was entered denying reformation. Defendants thereafter filed their motion for summary judgment on Counts I and II remaining and the order thereon sustaining the motion is the judgment here appealed.

Plaintiff does not dispute and it appears without question that the limitation upon the action for fraud and deceit set out in Counts I and II of the 1972 and 1977 petitions is that specified in § 516.120(5), RSMo 1978 and is five years. It is also undisputed that the acts complained of occurred in 1971 and if the claim is regarded as first advanced in the 1977 petition, it is barred by the five-year statute. Plaintiff, however, relies on Rule 55.33(c) and contends that the second amended petition relates back to the date of the original pleading in 1972 and thus avoids the bar of the statute.

■ Plaintiff misconceives the application of the rule. As this court recently observed in *Briggs v. Cohen*, 603 S.W.2d 20 (Mo.App.1980), the function of an amendment to a petition is to cure a lapse but without changing the original cause of action; and when the amendment is for this purpose, it relates back, according to Rule 55.33(c), to the date on which the first petition was filed. If the amended pleading, however, requires proof of ultimate facts different from those necessary to sustain the original claim and thus adds a new cause of action, the amendment does not

relate back so as to save the action from the bar of limitations. *Laux v. Motor Carriers Council of St. Louis, Inc.*, 499 S.W.2d 805 (Mo.1973).

■ It is self-evident that the claim in damages for fraud and deceit set out in Counts I and II of the 1977 pleading amendment was foreign to and necessitated proof of facts entirely different from those supporting the claim for reformation of the contract which was the sole claim of the first amended petition filed in 1975. As to the 1975 petition, the amendment cured no lapse and did not augment the cause of action there asserted, but introduced a new basis for recovery. On the authorities cited, the 1977 amendment therefore did not relate back to the date of the 1975 filing for purposes of bringing the claim within the five-year limitation.

Plaintiff, however, claims aid by reason of the 1972 petition which admittedly pleaded the same fraud and deceit claim advanced in the 1977 amendment. If plaintiff's theory be correctly perceived, she contends that Rule 55.33(c) contemplates application of the relation back doctrine to the first pleading filed irrespective of what change may have been accomplished in the theory of and factual basis for recovery through intervening pleading amendments. Thus, she argues that the second amended pleading of 1977 is actually an amendment to the 1972 petition and relates back to that date.

■ This argument overlooks the consequence of a pleading amendment which abandons an earlier theory or claim for recovery. When an amended pleading is filed, the former pleading is abandoned and is no longer before the court. *Weir v. Brune*, 256 S.W.2d 810 (Mo.1953). An abandoned petition becomes a mere "scrap of paper" insofar as the case is concerned. *Leis v. Massachusetts Bonding and Insurance Co.*, 125 S.W.2d 906 (Mo.App.1939). Where a petition has been replaced by an amended petition, the original petition has been abandoned and it may not be considered for any purpose. *State ex rel.*

*Fechtling v. Rose*, 239 Mo.App. 178, 189 S.W.2d 425 (1945).

■ Here, the amended petition which plaintiff filed in 1975 abandoned the original petition of 1972 and as to the original claim for fraud and deceit, the consequence of the amendment which did not restate that basis for recovery was to eliminate the claim as effectively as though never filed. For purposes of the relation back doctrine, there was no original pleading which survived the 1975 petition and, thus, when plaintiff attempted to assert the fraud and deceit counts in 1977, the statute of limitations had run and barred recovery. The trial court correctly ordered summary judgment for defendants as to that aspect of the case.

The judgment as to Counts I and II of plaintiff's second amended petition is affirmed.