STATE ex rel. LANDSTAR RANGER,
INC. and Nathan J. Bryan,
Relators,

v.

The Honorable Preston DEAN, Judge,
Circuit Court of Jackson County,
Missouri, Respondent.

No. SC 83832.

Supreme Court of Missouri,
En Banc.

Dec. 4, 2001.

David E. Larson, Jimmy E. Allen, Jr., Leawood, Kan., Daniel T. Rabbitt, St. Louis, for relators.

Kenneth J. Berra, Kansas City, Stephen M. Gorny, Leawood, Kan., for respondent.

PER CURIAM.

A motor vehicle accident occurred in Newton County, Missouri. The current lawsuit was filed in Jackson County by a resident of Newton County, naming only Landstar as a defendant. Landstar is a Florida corporation whose registered agent is located in St. Louis County. In this posture, Jackson County was a county of proper venue under section 508.070.[1]

Shortly after the lawsuit was filed, an amended petition was filed naming additional defendants, including Bryan and Dorothy Lehew. Bryan is a resident of Ohio and allegedly Landstar's agent. Lehew is a resident of Newton County, the plaintiff's mother, and the driver of the vehicle in which the plaintiff was a passenger.

After the addition of these defendants, Landstar and Bryan sought a change of venue. They asserted that section 508.010 became the proper venue statute and that

Jackson County was no longer a county of proper venue. The circuit court overruled the motions for change of venue.

Landstar and Bryan petition the Court for a writ of prohibition or mandamus, alleging that Jackson County is no longer a county of proper venue. At the time the trial court ruled on their motions for transfer, it did not have the benefit of this Court's opinion in *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855 (Mo. banc 2001). *Linthicum* holds that for purposes of section 508.010, a suit instituted by summons is "brought" whenever a plaintiff brings a defendant into a lawsuit, whether by original petition or by amended petition.

A peremptory writ of mandamus is ordered to issue directing the trial court to determine venue in accord with *Linthicum*.

LIMBAUGH, C.J., HOLSTEIN, WOLFF, BENTON, LAURA DENVIR STITH and PRICE, JJ., concur; WHITE, J., dissents in separate opinion filed.

RONNIE L. WHITE, Judge, dissenting.

I cannot join the Court's summary issuance of a peremptory writ in this matter both because it is an inappropriately casual use of the mandamus power and because petitioner has not demonstrated any entitlement to relief, even under the standard announced in *Linthicum*.

The Court issues a writ directing the trial court to "determine venue in accord with *Linthicum*." While the phrasing leaves some doubt, I take this to mean that the Court is directing the circuit court to reconsider its ruling on the motion to transfer venue in light of the new rule announced in *Linthicum*. This is a completely inappropriate use of mandamus, a

1. All statutory references are to RSMo 2000.

power this Court has previously used only with greatest care: "There is no remedy that a court can provide that is more drastic, no exercise of raw judicial power that is more awesome, than that available through the extraordinary writ of mandamus."[1] Because mandamus is an "inflexible and unreasoning"[2] remedy, this Court has developed a stringent set of principles to cabin its use: 1) "Mandamus will lie only when there is a clear, unequivocal, specific right to be enforced"; 2) "The purpose of the writ is to execute, not adjudicate"; 3) "Mandamus is only appropriate to require the performance of a ministerial act"; and 4) "[M]andamus cannot be used to control the judgment or discretion of a public official."[3] Issuance of the writ here violates each of these principles, since there is no duty, ministerial or otherwise, requiring a trial judge to reconsider a decision once it has been made. The abuse of the writ in this situation is particularly troubling, since the trial court has never been asked to engage in the reconsideration the Court now orders. If it were not already a part of the law of mandamus,[4] I would think that this Court would, as a matter of comity, refrain from ordering a lower court to perform an act that the parties have never requested.

Mandamus would be the appropriate remedy to order a change of venue here, but the Court cannot grant that relief because petitioners have failed to establish, even in light of the new rule announced in *Linthicum*, that they are entitled to a change of venue. The Court properly notes that *Linthicum* interprets only section 508.010. Plaintiff here, however, posits venue not on that statute, but on section 508.070, the motor carrier venue statute.[5] That statute permits venue against a motor carrier such as relator in any county through which it operates. Landstar could have had no complaint regarding venue in Jackson County at the time suit was filed, and the only thing that renders venue improper under *Linthicum* was the joinder of a Missouri resident defendant. While *Linthicum* holds that a Missouri resident defendant is entitled to challenge venue in these circumstances at the time of her joinder, that decision does not hold that each defendant gets to challenge venue each time a defendant is added. In particular, I doubt that the General Assembly, which enacted a specific statute to widen the venue choice available for suits against motor carrier defendants like petitioner, intended to give those defendants a chance to select a more a favorable venue where a newly added Missouri resident who is supposedly disadvantaged by the venue chooses not to challenge it.

If the Court simply wishes the trial court to reconsider its ruling in light of *Linthicum*, then issuing a writ of mandamus is unnecessary, as well as improper. Simply dismissing the petition without prejudice to refiling it after any reconsideration by the lower court would accomplish the same result and do no violence to

---

1. *State ex rel. Kelley v. Mitchell*, 595 S.W.2d 261, 266 (Mo. banc 1980).

2. *Id.* (quoting *State ex rel. Porter v. Hudson*, 226 Mo. 239, 126 S.W. 733, 740 (Mo. banc 1910)).

3. *State ex rel. Missouri Growth Ass'n v. State Tax Comm'n*, 998 S.W.2d 786, 788 (Mo. banc 1999).

4. *See Naugher v. Mallory*, 631 S.W.2d 370, 374 (Mo.App.1982) (mandamus will not lie to command performance of a different act from that requested to be performed by the respondent).

5. At least it appears that this is the case. Since the Court decides this case without benefit of briefing, the exact issues it decides are unclear.

our mandamus jurisprudence. In addition to failing to offer any rationale for issuing a peremptory writ, the Court is also silent regarding why this case requires us to dispense with our normal procedures in mandamus, a step that this court is only supposed to take when those procedures would "defeat the purpose of the writ." [6] Giving respondent the minimal courtesy of at least hearing from him before issuance of the writ would hardly defeat its purpose. In the absence of briefing and serious consideration of the issues presented here, I would not issue a peremptory writ, and I respectfully dissent.

