## STATE ex rel. MIRACLE RECREATION EQUIPMENT COMPANY and Marc Roberts, Relators,

v.

## The Honorable John R. O'MALLEY, Judge, Circuit Court of Jackson County, Missouri, Respondent.

### No. SC 83831.

Supreme Court of Missouri,
En Banc.

Dec. 4, 2001.

David E. Larson, Jimmy E. Allen, Jr., Leawood, Kan., for relators.

J. Kent Emison, Lexington, James P. Valbracht, Chillicothe, for respondent.

PER CURIAM.

A motor vehicle accident occurred in Linn County, Missouri. The current law-suit was filed in Jackson County by a Missouri resident, naming only Roberts as a defendant. Roberts, who was operating one of the vehicles for Miracle, is an Iowa resident. Miracle is an Iowa corporation whose principal place of business is in Monett, Missouri. In this posture, Jackson County was a county of proper venue.

Roberts removed the suit to federal court. While in that court, Miracle was added as an additional defendant. This addition caused the federal court's diversity jurisdiction to be lost. The case was remanded to Jackson County.

After the case was remanded, Miracle and Roberts sought a change of venue. They asserted that the addition of Miracle resulted in Jackson County no longer being a county of proper venue. The circuit court overruled the motion for change of venue on its merits.

Miracle and Roberts petition this Court for a writ of prohibition or mandamus, alleging that Jackson County is no longer a county of proper venue. At the time the trial court ruled on the motion for transfer, it did not have the benefit of this Court's opinion in *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855 (Mo. banc 2001). *Linthicum* holds that for purposes of section 508.010, a suit instituted by summons is "brought" whenever a plaintiff brings a defendant into a lawsuit, whether by original petition or by amended petition. In determining state court venue, a suit is "brought" against a defendant joined in federal court at the time of remand. *See Rule 55.34(a)* ("[T]he date of the remand order is deemed the date of service for determining when a pleading shall be filed or an action taken.").

---

**6.** Rule 84.24(j).

A peremptory writ of mandamus is ordered to issue directing the trial court to determine venue in accord with *Linthicum.*

LIMBAUGH, C.J., HOLSTEIN, WOLFF, BENTON, STITH and PRICE, JJ., concur; WHITE, J., dissents in separate opinion filed.

WHITE, dissenting.

Mandamus lies only when there is a clear, unequivocal, and specific right to the relief requested that is presently existing; its purpose is to execute, not adjudicate.[1] Mandamus is not appropriate to establish a legal right, but only to compel performance of a right that already exists.[2]

Relators have not petitioned this Court requesting a transfer of venue in light of the recent holding in *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855[3] nor does *Linthicum* decide this case. While *Linthicum* holds that under state law a suit is "brought" whenever a defendant is added as a party to a lawsuit, there is no authority supporting the proposition that this narrow holding applies when a party is added in federal court under the federal rules. The principal opinion's citation to rule 55.34(a) is not dispositive of this situation.

Rule 55.34(a) notes that "the date of the remand order [from federal court] is deemed the date of service for determining when a pleading shall be filed or an action taken." This rule addresses events occurring subsequent to the remand, not prior to it. Miracle Recreation Equipment Company was added as a party to this suit prior to the remand to state court. No pleading was filed after the date of the remand adding a new defendant to the suit in state court, and the majority opinion offers no authority to support the proposition that the lawsuit was "re-brought" against prior included parties upon transfer from the federal court to the state court.

Mandamus is the appropriate remedy where a court fails to perform the ministerial duty of ordering the transfer of a case from a court of improper venue to a court of proper venue.[4] However, the principal opinion's use of the writ to order a new adjudication of venue to evaluate the effect of an inapplicable case and where the Relator has not demonstrated the existence of present, unequivocal and specific right to the relief requested is improper.

1. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 576 (Mo. banc 1994).

2. *Id.*

3. 57 S.W.3d 855 (Mo. Banc 2001).

4. *State ex rel. DePaul Health Center v. Mummert,* 870 S.W.2d 820, 823 (Mo. banc 1994).