STATE of Missouri ex rel., The BUDD COMPANY, A Pennsylvania Corp., Cooper Tire & Rubber Company, A Delaware Corp., Ford Motor Company, A Delaware Corp., Relators,

v.

The Honorable John R. O'MALLEY, Respondent.

No. WD 61268.

Missouri Court of Appeals, Western District.

Nov. 26, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 2003.

Application for Transfer Sustained April 1, 2003.

Case Retransferred Sept. 30, 2003.

Court of Appeals Opinion Readopted Oct. 7, 2003.

Thomas P. Schult, Kansas City, MO, for Relator, Budd Company.

Robert A. Horn, Kansas City, MO, for Relator, Cooper Tire & Rubber Co.

Paul A. Williams, Kansas City, MO, for Relator, Ford Motor Company.

Randy W. James, Lee's Summit, MO, for Respondent.

Before THOMAS H. NEWTON, P.J., PATRICIA A. BRECKENRIDGE and JAMES M. SMART, JJ.

THOMAS H. NEWTON, Presiding Judge.

## I. Factual and Procedural Background

This case stems from a lawsuit filed by Dewey and Connie Johnson in Jackson County Circuit Court against Ford Motor Company, The Budd Company, Cooper Tire & Rubber Company, and Max House. Plaintiffs' suit was based on the theory that Dewey Johnson was injured while inflating a tire on July 9, 1993.

Individual defendant, Mr. House, filed a motion to dismiss, and plaintiffs did not object to Mr. House's dismissal. The remaining defendants in this matter (Ford, Budd, and Cooper) formally objected to venue in Jackson County, pursuant to § 508.010,[1] arguing that venue could not lie in that jurisdiction because no defendant resided in Jackson County nor did the cause of action accrue in that county. The motion was granted on March 4, 1999, by the trial court, and the case was transferred to Phelps County. Prior to commencing discovery, plaintiffs dismissed the action without prejudice on December 6, 1999.

On December 7, 1999, plaintiffs once again filed their Petition in Jackson County Circuit Court, naming only the corporate defendants (Ford, Budd, and Cooper). In this Petition, it was alleged that venue was proper under § 508.040 because all of the defendants were corporations.

The following day, December 8, 1999, plaintiffs amended their Petition to add an individual Missouri resident, Max House. In response, defendants/relators filed a Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer, arguing that venue was improper in Jackson County Circuit Court under § 508.010. The motion was denied by the trial court on October 9, 2001. In denying the motion, Respondent reasoned that "[a]s venue is determined at the time the case is filed, the Court applies RSMo. Section 508.040, the corporate venue statute, and finds that Jackson County, Missouri is a proper venue in which to hear this case."

On October 30, 2001, Relators filed a Motion for Reconsideration of Order Denying Defendant's Motion to Transfer for Improper Venue, asserting that the Supreme Court of Missouri had issued a dis-

---

1. All statutory references are to RSMO 2000 unless otherwise indicated.

positive opinion on this matter in *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855 (Mo. banc 2001), that was issued *after* the trial court denied their motion.

Subsequently, Plaintiffs filed a motion on November 1, 2001, for Leave to Revive Original Petition for Damages, or in the Alternative, for Leave to File Second Amended Petition.

Respondent ruled on the dueling motions on February 14, 2002. Relators' Motion to Reconsider was denied in a written judgment that held that because "retroactive application of *Linthicum* will result in hardship for plaintiffs," the Supreme Court's most recent holding on venue jurisprudence was found inapplicable to the resolution of the motion. Accordingly, based on this analysis it was determined by respondent that "venue should remain in Jackson County."

Relators turned to this Court for relief, filing a Petition for Writ of Prohibition on April 9, 2002. In response, we issued a Preliminary Writ of Prohibition, wherein we enjoined "Respondent from taking any further action in this case except that Respondent may vacate the order to revive the original petition and that Respondent may order a change of venue to the appropriate county."

In response to this writ, Respondent filed an answer stating that the writ should be vacated. Today, at Relators' urging, we determine whether our preliminary writ should be made permanent.

## II. Legal Analysis

In determining whether this court's preliminary writ should be made permanent, we are confronted with the issue of whether Respondent has misconstrued or misapplied the law regarding whether venue was appropriate to bring the instant action as amended in Jackson County. Accordingly, the parties to this matter are in agreement that our review of the trial court's decision is *de novo*. *See McGhee v. Dixon*, 973 S.W.2d 847, 848 (Mo. banc 1998).

■ Respondent raises three grounds to support his assertion that the preliminary writ should be dissolved by this court, which will be taken in turn. However, we will analyze these issues in a collective fashion because the sole issue for review is whether Respondent erred in holding that Jackson County was a proper venue for plaintiffs to bring suit. "Venue in Missouri is determined solely by statute." *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 196 (Mo. banc 1991). In finding that venue was proper in Jackson County, Respondent held that § 508.040 (the venue statute that controls when all defendants are corporations) was the controlling provision of law because when the suit was initially brought only corporate defendants were named.

■ However, the day after this Petition was filed, plaintiffs amended their Petition to add an individual Missouri resident, Max House. Accordingly, the dispositive issue to resolving today's dispute is what effect, if any, should this addition of Max House have on whether venue is proper in Jackson County. Respondent does not seemingly dispute the fact that, had Max House been joined originally in the initial suit, venue would not have been proper there. In fact, as previously mentioned, this was plaintiffs' original suit, and it was transferred because venue was found not to be proper under § 508.010, the venue statute that applies when individual defendants are joined with corporate defendants.

It is Respondent's contention, however, that this analysis changes when a plaintiff brings suit against solely corporate defendants and then later amends the petition to add individual defendants because venue

is determined at the time the case is brought, and this determination does not change when amending the petition to add additional defendants. *See State ex rel. DePaul Health Ctr. v. Mummert,* 870 S.W.2d 820, 823 (Mo. banc 1994) ("By the terms of the statute, venue is determined as the case stands when *brought,* not when a motion challenging venue is decided."). Accordingly, Respondent argues that if venue was proper when the petition was originally brought, a subsequent amendment to the petition to add parties is irrelevant for purposes of venue.

However, the Supreme Court of Missouri took a drastic departure from *DePaul* in *Linthicum.* 57 S.W.3d at 857–58. In *Linthicum,* the Court expressly rejected Respondent's analysis of *DePaul* in regard to venue and clarified what the relevant analysis should be under § 508.010 in determining whether adding a defendant to a lawsuit in a subsequently amended petition should effect this initial venue analysis. *Id.* The court held that "[f]or purposes of section 508.010, a suit instituted by summons is 'brought' whenever a plaintiff brings a defendant into a lawsuit whether by original petition or by amended petition" and, therefore, whether venue is proper may be reviewed whenever a defendant is added to a lawsuit. *Id.* at 858.

Applying *Linthicum's* analysis to today's case, there can be no doubt that venue, for plaintiffs' suit as amended, is not proper in Jackson County. With the addition of Max House as a defendant in plaintiffs' amended complaint, the relevant statute in determining venue turned from § 508.040 to § 508.010 because the suit was no longer solely against corporations. *See State ex rel. Breckenridge v. Sweeney,* 920 S.W.2d 901, 902 (Mo. banc 1996). Moreover, under the Supreme Court's analysis of § 508.010 in *Linthicum,* the

trial court was required, as a matter of law, to make the determination of whether venue was proper *after* Max House was added. *Linthicum,* 57 S.W.3d at 857–58. Section 508.010 provides, in pertinent part:

> Suits instituted by summons shall, except as otherwise provided by law, be brought:
>
> (1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found;
>
> (2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;
>
> (3) When there are several defendants, some residents and others nonresidents of the state, suit may be brought in any county in this state in which any defendant resides;
>
> (4) When all the defendants are nonresidents of the state, suit may be brought in any county in this state;
>
> (5) Any action, local or transitory, in which any county shall be plaintiff, may be commenced and prosecuted to final judgment in the county in which the defendant or defendants reside, or in the county suing and where the defendants, or one of them, may be found;
>
> (6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties . . .

▮ Applying this statute to plaintiffs' amended Petition, venue is improper in Jackson County because none of the defendants are residents in that county, and the cause of action did not accrue there. No party to this controversy disputes that *none* of the corporate defendants "reside"

in Jackson County.[2] Moreover, individual defendant, Max House, operates his automotive sales business, and resides, in Phelps County. Finally, both plaintiffs are also residents of Phelps County. Because it also is not contested that the cause of action did not accrue in Jackson County, but rather in Phelps County, venue cannot lie in Jackson County. § 508.010.

■ It follows that since venue was improper in Jackson County in this case, we will grant Relators' request for a permanent writ of prohibition prohibiting respondent from taking any further action in this case except that Respondent may order a change of venue to the appropriate county. "Because improper venue is a fundamental defect, a court that acts when venue is improper acts in excess of its jurisdiction." *State ex rel. SSM Health Care St. Louis v. Neill,* 78 S.W.3d 140, 142 (Mo. banc 2002). Prohibition bars the trial court from taking any further action, except to transfer the case to a proper venue. *Id.*

■ Respondent does not dispute that were *Linthicum* to be applied to our case, such a result of prohibition must follow. Rather, Respondent contends that *Linthicum* is not controlling law, for two main reasons. It is Respondent's contention that applying *Linthicum* would be erroneous because its application would be retrospective, and such retrospective application "would result in great prejudice to plaintiffs and deprive them [of substantive rights]" as prohibited by the Supreme Court of Missouri in *Sumners v. Sumners,* 701 S.W.2d 720 (Mo. banc 1985). This argument need not detain this Court; the Supreme Court has expressly addressed the retrospective application of *Linthicum's* holding on two occasions and in both

cases held that the matter should be remanded for further hearings not inconsistent with *Linthicum. See State ex rel. Miracle Recreation Equip. Co. v. O'Malley,* 62 S.W.3d 407, 407–08 (Mo. banc 2001); *State ex rel. Landstar Ranger, Inc., v. Dean,* 62 S.W.3d 405, 405 (Mo. banc 2001) ("At the time the trial court ruled on their motions for transfer, it did not have the benefit of this Court's opinion in *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855 (Mo. banc 2001).").

Respondent attempts, unsuccessfully, to distinguish the aforementioned cases from ours by stating the following:

> In each instance, the Supreme Court remanded the case to the trial court to "determine venue in accord with *Linthicum,*" but did not order the trial court to transfer the case for improper venue. Moreover, in both cases, unlike the underlying case, it was the subsequently added Missouri resident defendants who challenged venue.

(citations omitted).

To begin with, the reason why the Supreme Court "did not order the trial court to transfer the case for improper venue" is seemingly because in both *Miracle Recreation* and *Landstar,* the trial court never had the opportunity to make a venue determination on its own right after the Court gave its crucial guidance in *Linthicum. See Miracle Recreation,* 62 S.W.3d at 407; *Landstar* 62 S.W.3d at 405. Such is not the case here: Respondent, after Relators filed their motion for rehearing in light of *Linthicum,* simply found that the trial court was not bound by *Linthicum's* holding. But the Supreme Court has clearly held that this position is untenable. *Id.*

---

**2.** Ford is a Delaware corporation whose registered agent is located in St. Louis County, Missouri; Cooper is a Delaware corporation whose registered agent is also located in St. Louis County; Budd is a Michigan corporation and has no registered agent in Missouri.

■ Moreover, contrary to Respondent's contention above, whether it is the individual defendant or the corporate defendant who challenges venue is irrelevant for the purposes of this analysis. *Linthicum* expressly rejected such a dichotomy when it held that "[f]or purposes of section 508.010, a suit instituted by summons is 'brought' whenever a plaintiff brings a defendant into a lawsuit whether by original petition or by amended petition. This interpretation protects all party defendants *equally.*" *Linthicum,* 57 S.W.3d at 858 (emphasis added). For example, in federal court, if a Missouri plaintiff adds a Missouri defendant to a tort suit in which its jurisdiction rests on diversity alone, it does not matter whether it is the new defendant or the old one who asserts that jurisdiction is improper. And, here, too, such is the case: either defendant may challenge venue after a defendant is added. *See id.* ("This interpretation protects all party defendants equally ...."); *contra Landstar,* 62 S.W.3d at 406 (White, J., dissenting) ("While *Linthicum* holds that a Missouri resident defendant is entitled to challenge venue in these circumstances at the time of her joinder, that decision does not hold that each defendant gets to challenge venue each time a defendant is added.").

■ Finally, Respondent argues that "relators are not entitled to an order prohibiting respondent from taking any further action in the underlying case other than to transfer it to a county where venue is proper because venue in Jackson County, Missouri, was proper under Section 508.040 R.S.MO. against the relators, all of who were named in plaintiffs' original petition and revival of that petition requires denial of relators' petition." In order to support the contention that, in the alternative, plaintiffs' original petition may be "revived," respondent cites to *Welch v. Continental Placement, Inc.,* 627 S.W.2d 319 (Mo.App. W.D.1982). But that court held just the opposite, stating the following:

> When an amended pleading is filed, the former pleading is abandoned and is no longer before the court. An abandoned petition becomes a mere "scrap of paper" insofar as the case is concerned. Where a petition has been replaced by an amended petition, the original petition has been abandoned and it may not be considered for any purpose.

*Id.* at 321. (citations omitted).

■ Accordingly, Respondent's argument is without merit. This proposition of law, that where a petition has been replaced by an amended petition, "the original petition has been abandoned and it may not be considered for any purpose," remains good law today. *See State ex rel. Crowden v. Dandurand,* 970 S.W.2d 340, 342 (Mo. banc 1998); *see also Evans v. Eno,* 903 S.W.2d 258, 260 (Mo.App. W.D. 1995). Accordingly, Respondent's argument that plaintiffs should be able to revert back to their original Petition because of "fundamental fairness" is unpersuasive.

### III. Conclusion

For the forgoing reasons, we grant Relators' request for a permanent writ of prohibition.

PATRICIA A. BRECKENRIDGE and JAMES M. SMART, JJ. concur.