LINDELL TRUST COMPANY, Plaintiff/Respondent,

v.

Alan L. LIEBERMAN, Harold G. Lieberman, Baxter Ridge Development Company and Hazelwood Development Company, Defendants/Appellants.

No. 60295.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 25, 1992.

Susman, Schermer, Rimmel & Shifrin, Thomas R. Schlesinger, St. Louis, for defendants/appellants.

Lewis, Rice & Fingersh, Richard A. Wunderlich, Jon A. Santangelo, St. Louis, for plaintiff/respondent.

KAROHL, Judge.

Plaintiff, Lindell Trust Company, sued defendants, Harold G. Lieberman and Alan L. Lieberman (Liebermans), Hazelwood Development Co. (HDC), Baxter Ridge Development Company (BRDC) and the Lieberman Corporation to recover deficiencies due on certain promissory notes. The court granted summary judgment in favor of plaintiff based on unopposed proofs.

Defendants' sole point on appeal maintains the court erred in granting summary judgment because there is a material factual dispute regarding the amount of the deficiency resulting from the "grossly inequitable and inadequate disposition of collateral." We affirm.

■ We review a summary judgment to determine whether the proof of summary judgment facts, construed most favorably to the party against whom the summary judgment was entered show that there is no genuine issue as to any material fact and that the party prevailing in the trial court was entitled to judgment as a matter of law. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987).

HDC, BRDC and Lieberman Corp. each executed promissory notes in favor of plaintiff. The two notes were secured by other negotiable promissory notes and by deeds of trust on real estate. The BRDC note is secured by display home furniture described in a security agreement. The Liebermans co-signed the HDC and Lieberman Corp. notes, and guaranteed all three notes.

Default occurred on the notes. In 1989 plaintiff foreclosed on the property securing the HDC & Lieberman Corp. notes. Thereafter it purchased at the foreclosure sale, for substantially less than the note balances, the real estate securing the HDC and Lieberman Corp. notes. There is no dispute about the existence of deficiencies. The dispute framed by the pleadings and arguments involved the extent of deficiencies. Plaintiff is entitled to recover after credit for proceeds of a foreclosure sale of the security where plaintiff was the high bidder. Defendants did not plead or argue a right to relief under any provision of the Uniform Commercial Code.

Plaintiff brought suit to recover the resulting deficiencies on all three notes. Separate answers were filed by the Liebermans and the corporations. All alleged as an affirmative defense, impairment of collateral by failing to foreclose, delaying foreclosure, wrongfully foreclosing or inequitably foreclosing on the collateral. The court granted plaintiff's motion for sum-

mary judgment against HDC, BRDC, and the Liebermans on the Lieberman Corp. and HDC notes, and the Liebermans as personal guarantors of all three notes. This appeal followed.

Defendants claim: THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, BECAUSE APPELLANTS DEMONSTRATED THAT RESPONDENT'S ALLEGED DEFICIENCIES WERE THE RESULT OF GROSSLY INEQUITABLE AND INADEQUATE DISPOSITION OF COLLATERAL, THEREBY CREATING SUBSTANTIAL ISSUES OF DISPUTED FACT.

■ The point relied on asserts the court "abused its discretion" in granting summary judgment. This is technically inaccurate. Summary judgment is a matter of law and not discretionary. A showing of abuse of discretion is appropriate where there is "no hard and fast rule" as to the appropriate course of conduct. BLACK'S LAW DICTIONARY 419 (5th ed. 1979). It requires an exercise in judgment and choice over what is just under the circumstances. *Id.* This cannot be said of summary judgment which is an entitlement under the applicable law when it is determined no factual dispute exists and movant is entitled to judgment as a matter of law. Rule 74.04(c).

■ Defendants' claim of error does not directly contest liability; it only raises an issue as to the amount of damages. For that reason we cannot say the court erred in granting summary judgment in favor of plaintiff on that issue. Rule 74.04(c). We review therefore, only whether a genuine issue of material fact exists on the amount of the damage award and whether plaintiff is entitled to judgment as a matter of law. *Gast,* 739 S.W.2d at 546.

■ The essence of defendants' argument is a claim for additional credit in a defense suit to recover on a deficiency. Specifically defendants argue plaintiff's purchase of the subject real estate at the foreclosure sale for substantially less than its actual value resulted in a grossly inadequate *sale price* which should invalidate the deficiency in whole or part. Defendants also imply self dealing may have occurred because the trustee at the sale is a senior vice-president of plaintiff. The premise of these assertions is the principle that gross inadequacy of consideration at a foreclosure sale can amount, in itself, to constructive fraud and is grounds for canceling a transaction. Defendants cite for this proposition *Wieser v. Linhardt,* 257 S.W.2d 689, 690 (Mo.1953).

Plaintiff contends there is no issue of material fact on the amount owed by defendants because they failed to present any evidence, by counter affidavits or deposition testimony or otherwise, to oppose plaintiff's proofs of summary judgment facts which were sufficient to support the judgment. Plaintiff also claims constructive fraud is not a valid defense to a deficiency suit and the evidence fails to support a constructive fraud theory.

We find, based on the summary judgment facts, consisting of plaintiff's evidence in support of the motion for summary judgment, and the absence of any opposing facts, plaintiff was entitled to summary judgment. Assuming without deciding, that constructive fraud is an available defense it was not supported by any proofs.

There is some question whether a constructive fraud defense is available independent of an effort to set aside the foreclosure sale on that ground. A deficiency suit is based upon the foreclosure sale price. *Reed v. Inness,* 102 S.W.2d 711, 714 (Mo.App.1937). As long as the sale stands, the sum for which the property sold has been held conclusive for the purpose of determining the amount of deficiency. *Id.* Where fraud or unfair dealings surrounds the sale the proper course of action is to set aside the sale in equity. *Drannek Realty Co. v. Nathan Frank, Inc.,* 346 Mo. 187, 139 S.W.2d 926, 928 (1940); *Boatmen's Bank of Jefferson County v. Community Interiors, Inc.,* 721 S.W.2d 72, 76 (Mo.App.1986); *See Hrovat v. Bingham,* 341 S.W.2d 365, 368–69 (Mo.App.1960). Here, there was no request to set aside the foreclosure sale.

■ The relevant consideration in determining the existence of constructive fraud

is the adequacy of consideration. What is necessary therefore is evidence of the fair market value at the time of the foreclose sale. The only evidence of fair market value for the real estate consists of two appraisals. One appraisal was performed in 1984, and it is unclear from the record whether this appraisal was even performed on the property securing the HDC loan. The other appraisal was performed by plaintiff six weeks *after* the foreclosure sale. Defendants offered no other evidence of the fair market value of the security at the time of foreclosure sale. In fact, defendants do not rely on these appraisals to support an argument that the foreclosures were improper. Defendants base their argument on the valuation at the time of the notes, not the time of foreclosure sale. They argue we should "assume" plaintiff, when it made the loans, believed the property to be worth in excess of the loan amount. No other evidence was presented to support defendants' position. This was insufficient to maintain a dispute or maintain a fact dispute that the foreclosure consideration was insufficient. Hence, the factual premise for defendants' position was not supported by any summary judgment proof. Based on the summary judgment facts before the trial court, there was no opposing facts to prove constructive fraud or to contest the amount of deficiency after the foreclosure sales.

The claim of constructive fraud has no application and presents no defense to the judgment entered against BRDC. First, that loan was secured only by furniture. Any question concerning the propriety of a sale of such collateral is governed by the commercial reasonableness standard as found in § 400.9–504 RSMo Cum.Supp. 1990. BRDC did not plead or offer facts to prove, nor did it argue breach of this standard. Thus, we find no error in the grant of summary judgment against BRDC.

We affirm.

SMITH, P.J., and AHRENS, J., concur.