John L. **EVANS** and Marilyn C. **Evans, Respondents,**

v.

Earl E. **ENO** and Shirley A. **Eno, Appellants.**

No. WD 50144.

Missouri Court of Appeals, Western District.

July 25, 1995.

Patrick Cronan, Cronan & Robinson, Columbia, for appellants.

John W. Kuebler, Hendren and Andrae, Jefferson City, for respondents.

Before BRECKENRIDGE, P.J., FENNER, C.J. and ELLIS, J.

BRECKENRIDGE, Judge.

John and Marilyn Evans filed suit against Earl and Shirley Eno to recover the deficiency on a promissory note after a foreclosure sale. The trial court entered summary judgment in favor of the Evanses for the amount which the Evanses claimed to be due on the note. The Enos now appeal, contending that there is a genuine issue of material fact regarding the amount of the deficiency.

The judgment is reversed and remanded.

On September 15, 1986, the Enos executed a promissory note to the Evanses in the amount of $13,500.00. According to the terms of the note, the Enos were obligated to make annual interest payments of $1,080.00 until September 15, 1991, when all of the principal and interest became due. The note was secured by a deed of trust to property which was conveyed by the Evanses to the Enos as part of the same transaction.

The Enos made the annual interest payments for the years 1987, 1988, 1989, and 1990. However, the Enos failed to pay the interest for 1991, and they failed to pay the principal which was due on September 15, 1991. Subsequently, the Evanses foreclosed on the deed of trust and purchased the property at the foreclosure sale. The Evanses then filed a petition which, in Count I, sought to recover the deficiency on the note. Count II sought to recover for damage to the property allegedly caused by mistreatment and neglect on the part of the Enos. Count II also alleged that the Evanses paid $10.00 for the property at the foreclosure sale, which purportedly was not applied to the underlying indebtedness but was used to offset waste. On July 27, 1993, the Evanses filed an amended petition which added an additional plaintiff and which otherwise restated Count I of the original petition. On August 4, 1993, the Evanses filed a motion for summary judgment on Count I, which was sustained by the trial court. The trial court awarded the Evanses $14,580.00, plus attorney's fees and interest from September 15, 1991.

In their sole point on appeal, the Enos claim that there is a genuine issue of material fact regarding the amount of the deficiency. Therefore, they contend, the trial court erred in granting summary judgment in favor of the Evanses.

█ Summary judgment is granted only when there is no genuine issue of material fact, and the burden is on the movant to show that there is no such issue of fact and that the movant is entitled to judgment as a matter of law. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 380 (Mo. banc 1993). A claimant who seeks a summary judgment must support each element

of his claim with admissible facts to demonstrate his right to judgment as a matter of law. *Machholz–Parks v. Suddath,* 884 S.W.2d 705, 707–08 (Mo.App.1994).

In Missouri, "[a] deficiency suit is based upon the foreclosure sale price." *Lindell Trust Co. v. Lieberman,* 825 S.W.2d 358, 360 (Mo.App.1992). Provided the sale was fairly conducted, the sum for which the property was purchased at the sale has been held to be conclusive for the purpose of calculating the amount of the deficiency. *Id.; Regional Inv. Co. v. Willis,* 572 S.W.2d 191, 192 (Mo. App.1978).

At the time that the trial court considered the Evanses' motion for summary judgment, there was no evidence of the foreclosure sale price in the record. The only reference to the sale price was in Count II of the original petition filed by the Evanses, where they stated that they paid $10.00 for the property at the foreclosure sale. However, on July 27, 1993, which was approximately one week before they filed their motion for summary judgment on August 4, 1993, the Evanses filed an amended petition. The amended petition restated only the allegations contained in Count I of the original petition, and made no mention of a foreclosure sale price. Furthermore, the amended petition did not incorporate by reference any of the allegations contained in Count II of the original pleading.

■ When an amended petition has been filed, the original petition is thereby abandoned and it may not be considered for any purpose. *Welch v. Continental Placement,*

*Inc.,* 627 S.W.2d 319, 321–22 (Mo.App.1982). "An abandoned petition becomes a mere 'scrap of paper' insofar as the case is concerned," *Id.* at 321, and whether the original petition is a part of the court file is wholly immaterial. *Savings Finance Corporation v. Blair,* 280 S.W.2d 675, 677 (Mo.App.1955).

■ An abandoned petition is no longer in the case unless it is placed in evidence, *Wise v. O'Kelley,* 198 S.W.2d 28, 31 (Mo.App. 1946), and an abandoned pleading is generally not admissible in evidence except for use as an admission against the interest of the pleader. *Johnson v. Identification, Inc.,* 716 S.W.2d 10, 13 (Mo.App.1986). Even under these circumstances, an admission in an abandoned pleading is not conclusive as to the fact alleged, and does not constitute a judicial admission. *Bledsoe v. Northside Supply & Development Co.,* 429 S.W.2d 727, 730 (Mo.1968).

■ In the case at bar, the Evanses' original petition was abandoned by the filing of their amended petition.[1] The allegations of Count II of the original petition, which included the only reference in the record to a foreclosure sale price, could not be considered by the trial court in determining a deficiency for the purposes of a summary judgment.[2] Because the foreclosure sale price is essential to the calculation of a deficiency, the Evanses failed to show by undisputed facts all elements of their deficiency action. The Evanses established that they are entitled to judgment on the issues of the execution of the note and of the default on the note, but not on the issue of the amount

1. In a pleading filed April 5, 1994, the Evans purported to dismiss without prejudice the allegations contained in Count II of their petition. The April 5, 1994 pleading was without consequence, as it concerned allegations which had already been abandoned through the filing of an amended petition.

2. The only statement remaining in the record which is related in any way to the foreclosure sale price is in the Enos' answer to the original petition—a responsive pleading which remains in effect because the amended petition did not raise any new matters. *Mahurin v. St. Luke's Hospital,* 809 S.W.2d 418, 421 (Mo.App.1991). In their answer, the Enos state that they "admit paragraph's [sic] 9, 10, 11." (Paragraph 10, part of Count II of the original petition, contained the

allegation that the Evans paid $10.00 for the property at the foreclosure sale.) However, this statement does not constitute a judicial admission on this issue of the foreclosure sale price of the property, because the statement only makes sense in reference to an allegation which is no longer a part of the record or a part of the case. An admission in an answer only constitutes a judicial admission if it is considered in conjunction with the corresponding allegation in a petition. *In re Marriage of Maupin,* 829 S.W.2d 125, 127 (Mo.App.1992) ("Allegations in a petition, admitted in an answer, are judicial admissions on that issue," which thereby waives or dispenses with the production of evidence and concedes that the proposition is true for the purposes of the litigation).

of the deficiency. As the Evanses did not show that they are entitled to judgment on their deficiency action as a matter of law, the trial court's granting of summary judgment is inappropriate in this case.

 In their briefs, the Enos also suggest that after the Evanses regained possession of the property, they treated it in such a way as to drive down the purchase price at the foreclosure sale. To the extent that the Enos allege fraud or unfair dealing surrounding the foreclosure sale, they can pursue such a claim on remand. *See Lindell*, 825 S.W.2d at 360–61.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

All concur.