**Tony WARD, Respondent,**

v.

**Janel LUCK, as Director Family Support Division, Missouri Department of Social Services, Appellant.**

No. ED 89457.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 8, 2008.

Mark D. Hirschfeld, Clayton, MO, for Respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dana C. Ceresia, Assistant Attorney General, Saint Louis, MO, for Appellant.

## *OPINION*

GLENN A. NORTON, Judge.

Janel Luck, as Director of the Family Support Division of the Missouri Department of Social Services ("Division"), appeals from the grant of summary judgment in favor of Tony Ward ("Father") on his action for money had and received. In the underlying action, Father sought to recover child support funds collected by the Division pursuant to a void administrative child support order. We affirm in part and reverse and remand in part.

## I. BACKGROUND

The origins of this case began in February 1996, when a Saint Louis County circuit court entered a paternity judgment finding that Tony Ward was the father of Whitney Ward ("Daughter"), who was born in November 1986 ("1996 paternity judgment"). The court found that Daughter's mother, Frances Collor ("Mother"), was receiving public assistance under the AFDC program, and that she had assigned her rights to child support to the Division. The court stated that the total amount due from Father for child support was "–0–."

In May 1996, the Division [1] entered an administrative order requiring Father to pay $833.00 per month in child support for Daughter ("1996 administrative child support order"). Thereafter, the Division filed an income withholding order and a lien on Father's worker's compensation benefits to collect the child support payments.

Father then filed a motion to modify. Father also filed motions to quash the income withholding order and to quash the lien on his worker's compensation benefits. In November 2002, a St. Louis County circuit court entered a judgment that modified Father's child support obligation to $598.00 per month, retroactive to May 2002 ("2002 circuit court judgment"). Sub-

1. At this time and during some of the initial proceedings relevant to this appeal, Appellant was referred to as the Division of Child Support Enforcement. For purposes of appeal, we will refer to the Division of Family Services and the Division of Child Support Enforcement simply as "Division."

sequently, in May 2003, the circuit court entered a judgment: (1) denying Father's motions to quash; (2) finding that the Division had authority to issue the 1996 administrative child support order; and (3) finding that Father owed Mother a total of $56,792.40 for past due child support, plus interest ("2003 circuit court judgment"). Father appealed the 2003 circuit court judgment to this Court.

Our Court reversed the 2003 circuit court judgment in all respects on the grounds that the Division did not have authority to issue the 1996 administrative child support order. *Collor–Reed v. Ward,* 149 S.W.3d 897, 900–01 (Mo.App. E.D. 2004). We found that the 1996 administrative child support order was entered without jurisdiction and was void. *Id.* In doing so, we reasoned that the 1996 paternity judgment was a prior support order under section 454.470.1 RSMo 2000 [2] in that it had previously set a determinable amount of child support. *Id.*

Subsequently, in May 2006, Father filed the action that is now before us against the Division for money had and received to recover child support funds collected by the Division pursuant to the void 1996 administrative child support order. Father then filed a motion for summary judgment, which the trial court granted. The trial court ruled that the only lawful child support judgment obligation against Father accrued from May 2002 through December 2004 pursuant to the 2002 circuit court judgment, implicitly finding that Daughter became emancipated by December 2004. The court directed the Division to reimburse Father $22,690.15 plus ac-

crued pre-judgment interest for child support funds it collected pursuant to the void 1996 administrative child support order. The Division appeals.

While this appeal was pending in this Court, the Division filed a motion for leave to supplement the legal file, or, in the alternative, for a remand to the trial court. In this motion, the Division attempted to introduce new evidence showing that Daughter was enrolled in school after the age of eighteen and, therefore, that Father's child support obligation ended after December 2004. Our Court denied the Division's motion prior to the submission of this case.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is reviewed essentially *de novo* and affirmed only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered. *Id.*

### B. The Division Acted Beyond its Statutory Authority When it Collected Child Support Funds from Father Pursuant to the Void 1996 Administrative Order

■ We initially note that, as a matter of law, the Division acted beyond its statutory authority set forth in Section 454.470.1 [3] when it collected child support

---

**2.** All statutory references are to RSMo 2000 unless otherwise indicated.

**3.** Section 454.470.1 provides that: "If a court order has not been previously entered ... the director [of the Division] may issue a notice and finding of financial responsibility to a

parent who owes a state debt or who is responsible for the support of a child on whose behalf the custodian of that child is receiving support enforcement services from the [D]ivision...."

funds from Father pursuant to the void 1996 administrative child support order. *See Collor–Reed,* 149 S.W.3d at 900–01 (finding that the 1996 administrative child support order was entered without jurisdiction and was void because the 1996 paternity judgment was a prior support order under section 454.470.1 in that it had previously set a determinable amount of child support); *Kubley v. Brooks,* 141 S.W.3d 21, 27, 28 (Mo. banc 2004) (finding that the Division is statutorily prohibited under section 454.470.1 from entering an administrative order against a parent for child support when a prior support order exists). But as discussed below, this in itself does not demonstrate Father's right to judgment as a matter of law on his action for money had and received.

## C. Money Had and Received

In its first point, the Division argues that the trial court erred in granting summary judgment in favor of Father because Father failed to establish all of the elements of an action for money had and received. Specifically, the Division contends that Father has not shown that the Division received or obtained possession of the child support funds it collected from Father or that the Division received a benefit from those funds. We agree.

### 1. When an Action for Money Had and Received is Appropriate

■■■ An action for money had and received is a remedy at law that is governed by equitable principles. *Salisbury R–IV School District v. Westran R–I School District,* 686 S.W.2d 491, 497 (Mo.App. W.D. 1984). The action is appropriate whenever it is shown that the defendant has money in his possession that rightfully belongs to the plaintiff, and which, in equity and good conscience, he should pay over to the plaintiff. *Id.; Investors Title Co., Inc. v. Hammonds,* 217 S.W.3d 288, 293 (Mo.

banc 2007). "The remedy is based on a promise implied by law, or on the principle of equity that a person unjustly enriched at the expense of another must make restitution." *Salisbury,* 686 S.W.2d at 497. An action for money had and received has always been favored in the law and the tendency of courts is to widen its scope. *Investors Title,* 217 S.W.3d at 293.

Under the guidance of *Investor's Title,* we find that in order for a plaintiff to make a submissible case for money had and received, he must establish the following elements: (1) that the defendant received or obtained possession of the plaintiff's money; (2) that the defendant thereby appreciated a benefit; and (3) that the defendant's acceptance and retention of the money was unjust. *See id.* at 293–94 (finding that an action for money had and received is appropriate when the defendant received or obtained possession of the plaintiff's money, which, in equity and good conscience, he should pay over to the plaintiff); *See also id.* at 296–97 (finding that the general elements of an action for money had and received are the defendant's receipt of a benefit, the defendant's appreciation of a benefit, and that the defendant's acceptance and retention of the benefit was unjust).

### 2. There are Issues that Must be Resolved by a Trier of Fact in Order to Ascertain Whether Father Can Prevail on his Claim for Money Had and Received

■■ We find that Father did not meet his burden in supporting each element of his claim for money had and received with undisputed admissible facts to demonstrate his right to judgment as a matter of law. *See Missouri Employers Mutual Insurance Co. v. Nichols,* 149 S.W.3d 617, 623 (Mo.App. W.D.2004) (finding that in order for a claimant to be entitled to sum-

mary judgment, he must allege undisputed facts establishing each and every element of his claim); *Evans v. Eno*, 903 S.W.2d 258, 259–60 (Mo.App. W.D.1995) (finding that "[a] claimant who seeks a summary judgment must support each element of his claim with admissible facts to demonstrate his right to judgment as a matter of law"). Consistent with the elements for an action for money had and received as set out above, we hold that, on remand, there are issues that must be resolved by a trier of fact in order to ascertain whether Father can prevail on his claim for money had and received. They include, but are not limited to, the following: (1) whether the Division received or obtained possession of Father's money, including the exact timeframe Mother received public assistance under the AFDC program and assigned her child support rights to the Division,[4] and whether the funds the Division improperly collected pursuant to the void 1996 administrative child support order were forwarded to the Division or Mother;[5] and (2) whether the Division thereby appreciated a benefit, including any interest earned on the money.[6]

Because Father has failed to demonstrate his right to judgment as a matter of law, the trial court erred in granting sum-

mary judgment in his favor.[7] Therefore, we reverse and remand the portions of the trial court's judgment granting summary judgment in favor of Father on his action for money had and received and directing the Division to reimburse Father for child support funds taken by the Division pursuant to the void 1996 administrative child support order. Point one is granted.

## B. The Division's Attempt to Introduce New Evidence on Appeal Regarding Daughter's Emancipation

In its second point, the Division asserts that the trial court erred in implicitly finding that Daughter became emancipated by December 2004 when it ruled that Father's child support obligation ended in December 2004. The Division contends that new evidence on appeal will show that Daughter did not become emancipated until May 2006.

Section 452.340.5 provides that a parent's child support obligation will continue after a child reaches the age of eighteen "so long as the child enrolls for and completes at least twelve hours of credit each semester . . . at an institution of vocational

---

4. The payment center is operated by the Division for the receipt and disbursement of payments pursuant to child support orders. Sections 454.530.1 and .2. When the Division is assignee of child support rights, "[t]he payment center shall forward all support payments to the state, which payments have been identified by [the Division] for deposit in the appropriate fund within the state treasury." Section 454.415.2(2).

5. The payment center "shall be trustee for [the Division] or other person entitled to receive [child support] payments" and "shall [f]orward all such payments to [the Division] or other person entitled to receive such payments." Section 454.495.2(1).

6. Under section 454.533.1, "[a]ll support payments collected by the payment center shall

be deposited in a special trust fund.... Interest, if any, earned by the money in the trust fund shall be deposited into the general revenue fund in the state treasury."

7. In the alternative, the Division also contends that Mother is jointly and severally liable for the amount of child support wrongfully collected from Father because the Division passed on those funds to Mother. Because we are reversing and remanding Father's action for money had and received, the issue of Division's liability is yet to be determined. Thus, it is not necessary for us to decide whether Mother is jointly and severally liable for the amount of child support the Division improperly collected from Father.

or higher education and achieves grades sufficient to reenroll at such institution."

Although it is undisputed that Daughter had attained the age of eighteen by December 2004, the Division contends that Father's child support obligation continued until May 2006 because Daughter was sufficiently enrolled at an institution of higher learning until that time. In support of its argument, the Division attempts to introduce new evidence showing that Daughter was enrolled in school after she attained the age of eighteen. The Division attempted to do so by filing a motion for leave to supplement the legal file, or, in the alternative, for a remand to the trial court during the pendency of this appeal. Our Court denied the Division's motion prior to the submission of this case.

■ Our Court is confined to considering the same information that the trial court considered in rendering its decision on a motion for summary judgment. *Mothershead v. Greenbriar Country Club, Inc.*, 994 S.W.2d 80, 85 (Mo.App. E.D. 1999). Because the Division's argument rests solely on evidence that was not before the trial court when it rendered its decision on Father's motion for summary judgment, it must fail. Therefore, we affirm the portion of the trial court's judgment implicitly finding that Daughter became emancipated by December 2004. Point two is denied.

### III. CONCLUSION

Based on the foregoing, we affirm in part and reverse and remand in part for further proceedings consistent with this opinion.

ROY L. RICHTER, P.J. and CLIFFORD H. AHRENS, J., concur.