**Perry S. KOHRS, Respondent,**

v.

**FAMILY SUPPORT DIVISION, MISSOURI DEPARTMENT OF SOCIAL SERVICES, et al., Appellant.**

**No. WD 75440.**

Missouri Court of Appeals, Western District.

June 11, 2013.

Lance W. Lefevre, Lee's Summit, for respondent.

Nicolas Taulbee, for appellant.

Before Division Three: CYNTHIA L. MARTIN, Presiding Judge, JOSEPH M. ELLIS, Judge and GARY D. WITT, Judge.

JOSEPH M. ELLIS, Judge.

The Family Support Division of the Missouri Department of Social Services ("the Division") appeals from a judgment entered in the Circuit Court of Platte County in favor of Perry Kohrs ("Father") in his action against the Division for money had and received. For the following reasons, the judgment is reversed.

Father and Barbara Devlin ("Mother") divorced in 1992. In the decree of dissolution, Father received custody of the couple's minor child, and Mother was ordered to pay child support. In 1999, the child began residing with Mother. That year, in response to a request by Mother, the Division entered an administrative order ordering Father to pay $212.00 per month in child support.[1] In so doing, the Division acted in excess of its authority. Because there was an existing, effective court order governing child support (the dissolution decree), the Division lacked authority under § 454.470.1 to enter a competing administrative order, and the 1999 administrative order was, therefore, void. *Kubley*

---

1. At that time, the Division was called the Division of Child Support Enforcement.

*v. Brooks,* 141 S.W.3d 21, 27–28 (Mo. banc 2004).

Not recognizing that its 1999 administrative order was void, in 2006, the Division issued an income withholding order for the Social Security Administration to withhold $100.00 per month from Father's Social Security benefits for arrears in Father's payments under the administrative order. The withheld money was ordered to be paid to the Family Support Payment Center ("the FSPC"), which is a State entity operated by a contractor [2] directly responsible to the Division.

From June 2006 through February 2010, when the income withholding order terminated, $4,400.00 of Father's benefits were withheld and paid by the Social Security Administration to the FSPC. The funds received by the FSPC were deposited in an account maintained by the FSPC for deposits, transferred to a state-controlled trust fund, and transferred back to an FSPC account maintained for disbursement. The FSPC disbursed all of the money received from the Social Security Administration to Mother.

On April 12, 2011, Father filed his Petition for Money Had and Received against the Division.[3] On April 2, 2012, the parties filed a Stipulation of Facts and submitted the case to the trial court on those stipulated facts and trial briefs filed by the parties. Subsequently, the trial court entered its judgment in favor of Father in the amount of $4,400.00. In rendering that judgment, the trial court specifically found the facts to be in accordance with the parties' Stipulation of Facts. The Division brings two points on appeal.

"The proper standard of review for this bench-tried case based on a joint stipulation of facts is found in *Schroeder v. Horack,* 592 S.W.2d 742, 744 (Mo. banc 1979)." *Archey v. Carnahan,* 373 S.W.3d 528, 531 (Mo.App. W.D.2012) (citing *Missouri Prosecuting Attorneys v. Barton Cnty.,* 311 S.W.3d 737, 740 (Mo. banc 2010)). "Because the case was submitted on stipulated facts and did not involve the trial court's resolution of conflicting testimony, our review is not governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); rather, the only question before this court is whether the trial court drew the proper legal conclusions from the facts stipulated." *Id.* (internal quotation omitted). "Thus, our review is *de novo.*" *Id.*

In its first point, the Division contends that the trial court erred in entering judgment in favor of Father because the stipulated facts established that the Division did not retain any of the withheld money and that the Division received no benefit from the withholding. The Division argues that Father's stipulation that "[t]he Division received no benefit from the money received from Social Security and sent to [Mother]" precludes judgment in favor of Father because benefit to the Division was a necessary element of his cause of action.

"The appropriate action when one party has been unjustly enriched through the mistaken payment of money by the other party is an action at law for money had and received." *Investors Title Co. v. Hammonds,* 217 S.W.3d 288, 293 (Mo. banc 2007) (internal quotation omitted). "'In order for a plaintiff to make a

---

2. The stipulated facts reflect that the contractor operating the FSPC was Systems & Methods, Inc.

3. Mother was also named as a party in the petition and a count for money had and received against her was included therein; however, Mother was never properly served.

submissible case for money had and received, he must establish the following elements: (1) that the defendant received or obtained possession of the plaintiff's money; (2) *that the defendant thereby appreciated a benefit,* and (3) that the defendant's acceptance and retention of the money was unjust.' " *School Dist. of Kansas City, Missouri v. Missouri Bd. of Fund Comm'rs,* 384 S.W.3d 238, 272 (Mo. App. W.D.2012) (quoting *Ward v. Luck,* 242 S.W.3d 473, 476 (Mo.App. E.D.2008)) (emphasis added); *see also Investors Title Co.,* 217 S.W.3d at 296–97 (noting that, in order for a judgment in favor of the plaintiff in an action for money had and received to be supported, the jury had to find that the defendant received a benefit and holding that the evidence presented at trial in that case supported a finding that the defendant county had received a benefit).

In *Ward v. Luck,* 242 S.W.3d 473, 477 (Mo.App. E.D.2008), the Eastern District of this Court reversed a summary judgment entered in favor of the plaintiff against the Division under circumstances almost identical to the case at bar. The Division entered a void administrative order requiring the plaintiff to pay child support when there was an existing court order addressing child support and, subsequently, entered an income withholding order and a lien on the plaintiff's worker's compensation benefits. *Id.* at 474. The plaintiff filed an action for money had and received to recover the child support funds collected by the Division. *Id.* The plaintiff subsequently filed a motion for summary judgment, which was granted by the trial court. *Id.* at 475. In reversing that summary judgment, the Eastern District concluded that the plaintiff had failed to meet his burden of establishing all of the elements of a cause of action for money had and received. *Id.* at 476. Specifically, the court held that the plaintiff had not shown through the undisputed facts that the Division had received or obtained possession of the child support funds collected from the plaintiff or that the Division received a benefit from those funds. *Id.* The court remanded for trial on those issues. *Id.* at 477.

In the case at bar, in accordance with the existing case law, the Division's appreciation of a benefit from Father's withheld Social Security benefits was a requisite element of Father's claim. However, neither Father's petition nor his trial brief averred that the Division received any benefit from funds withheld by the Social Security Administration and paid to the FSPC, and, moreover, as noted *supra,* Father specifically stipulated that "[t]he Division received no benefit from the money received from Social Security and sent to [Mother]." [4] Since Father stipulated that the Division did not benefit from the money collected, he could not establish that necessary element of his claim, and judgment should have been entered in favor of the Division.

---

4. That stipulation is supported by the other stipulated facts and the relevant statutory provisions. As stipulated and provided for in § 454.530.2, the FSPC is a State entity operated by a contractor directly responsible to the Division. Pursuant to §§ 454.495 and 454.530.2, the FSPC was the trustee for the custodial parent, the Division, or other entity entitled to receive the money withheld from Father pursuant to the administrative order. Pursuant to § 454.530.3, the FSPC was re-

quired to disburse that money to the appropriate custodial parent, other obligee, and/or the State within two days of its receipt. The stipulated facts reflect that all of the money received by the FSPC from the Social Security Administration was disbursed to Mother. Thus, the FSPC collected the money from the Social Security Administration, held it briefly as a trustee for Mother, and then distributed the money to Mother.

Father asserts that *Investors Title Co. v. Hammonds*, 217 S.W.3d 288 (Mo. banc 2007), reflects that *Ward* was incorrectly decided and dictates a different result. *Investors Title* involved money paid by a title company to a county Recorder of Deeds. *Id.* at 291. Pursuant to the procedures established by the county, the title company was required to provide the Recorder with blank checks that could later be filled in with the proper amount by a county staff member. *Id.* From 1995 to 2001, a county cashier began routinely filling out the blank checks for amounts that exceeded the amount due to the Recorder from the title company. *Id.* at 292. The cashier then took an amount from the cash drawer equivalent to the amount overcharged to the title company. *Id.* The subsequent deposit of the checks in the county bank account balanced the books and kept the thefts from being discovered for years. *Id.* After the thefts were discovered, the title company filed a claim against the county and the Recorder of Deeds for money had and received. *Id.* The case was tried and submitted to the jury, which returned a verdict in favor of the title company. *Id.* The Missouri Supreme Court affirmed that judgment, holding that the overcharging and depositing of additional funds in the county bank account was a different event than the theft of the money from the cash drawer and that the evidence was sufficient for the jury to have found that the county received a benefit when sums above the amount owed were received and deposited in the county's bank account. *Id.* at 297.

*Investors Title* is not inconsistent with *Ward* and is not relevant to the case at bar, except to the extent that it recognizes that proof of a benefit to the defendant is a requisite element of a cause of action for money had and received. *Investors Title* addressed the sufficiency of the evidence to support a finding that the county re-ceived a benefit; in the case at bar, the stipulated facts establish that no benefit was received. Moreover, in *Investors Title*, the checks were deposited directly into the county bank account and the deposited funds were useable by the county. In the case at bar, the money was paid to FSPC, which, pursuant to §§ 454.495 and 454.530.2, was acting as trustee for Mother, and FSPC disbursed those funds to Mother.

Because the stipulated facts established that the Division did not receive a benefit from the money withheld by the Social Security Administration and paid to the FSPC, the trial court erred in entering judgment in favor of Father and should have entered judgment in favor of the Division. The judgment is, therefore, reversed, and pursuant to our authority under Rule 84.14 to enter the judgment that the trial court should have entered, we hereby enter judgment in favor of the Division.

All concur.