# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1479
_____

M&I Marshall & Ilsley Bank

*Plaintiff - Appellant*

v.

Sunrise Farms Development, LLC, formerly known as Rausch Coleman Cray, LLC; Ernest R. Coleman, Sr.; Daniel E. Whitney; Byars & 150 Enterprises, LLC; The Maddock Group, LLC; Family Land Investors, LLC

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 20, 2013
Filed: December 13, 2013
_____

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.
_____

BENTON, Circuit Judge.

M&I Marshall & Ilsley Bank appeals the district court's calculation of a deficiency judgment against Sunrise Farms Development, LLC. Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

I.

Beginning in 2005, the Bank made loans to Sunrise Farms and its guarantors to develop property. In 2009, Sunrise Farms defaulted, and the Bank sued. The Bank foreclosed, purchasing the property at a foreclosure sale. The Bank then sought to recover the deficiency between the outstanding debt and the foreclosure sale price. Sunrise Farms counterclaimed to set aside the non-judicial foreclosure sale. The district court stayed the case, pending a decision by the Supreme Court of Missouri on the method for computing deficiencies. After the decision issued, the district court granted summary judgment for the Bank on all claims, but calculated the deficiency using the property's fair market value, not the foreclosure sale price. The Bank appeals.

II.

This court reviews de novo the grant of summary judgment, viewing the record most favorably to the nonmoving party and drawing all reasonable inferences in its favor. *Zike v. Advance Am., Cash Advance Ctrs. of Mo., Inc.*, 646 F.3d 504, 509 (8th Cir. 2011). Where state law governs, this court reverses if "the district court has not correctly applied local law, or if such interpretation of state law 'is fundamentally deficient in analysis or otherwise lacking in reasoned authority.'" *Gillette Dairy, Inc. v. Mallard Mfg. Corp.*, 707 F.2d 351, 353 (8th Cir. 1983), *quoting Ancom, Inc. v. E.R. Squibb & Sons, Inc.*, 658 F.2d 650, 654 (8th Cir. 1981). "In a diversity case, decisions of the state's highest court are to be accepted as defining state law unless the state court 'has later given clear and persuasive indication that its pronouncement will be modified, limited, or restricted.'" *Gilstrap v. Amtrak*, 998 F.2d 559, 560 (8th Cir. 1993), *quoting Taylor v. Arkansas Louisiana Gas Co.*, 793 F.2d 189, 191 (8th Cir. 1986), *quoting Gillette*, 707 F.2d at 354, *quoting West v. American Tel. & Tel.*

*Co.*, 311 U.S. 223, 236 (1940). *See generally **Commissioner v. Estate of Bosch***, 387 U.S. 456, 465 (1967); ***Erie R.R. Co. v. Tompkins***, 304 U.S. 64, 78-80 (1938).

In this diversity action, Missouri law applies. Under Missouri common law, as first articulated by the supreme court in *Drannek Realty Company v. Nathan Frank, Inc.*, the amount of deficiency after a foreclosure sale is measured by the difference between the outstanding debt and the foreclosure sale price. *Drannek*, 139 S.W.2d 926, 928 (Mo. 1940), *citing **Reed v. Inness***, 102 S.W.2d 711, 714 (Mo. App. 1937). To calculate the deficiency under an equitable method, courts must find "fraud, unfair dealing or mistake in the trustee's sale." *Id.* ("[C]ourts cannot and ought not to be made the instruments of speculation in the future values of property, even for the benefit of the unfortunate.").

Since *Drannek*, Missouri courts have repeatedly held that a post-foreclosure deficiency is measured by the difference between the outstanding debt and the foreclosure sale price. *See, e.g.*, ***Evans v. Eno***, 903 S.W.2d 258, 260 (Mo. App. 1995) ("Provided the sale was fairly conducted, the sum for which the property was purchased at the sale has been held to be conclusive for the purpose of calculating the amount of the deficiency."); ***Lindell Trust Co. v. Lieberman***, 825 S.W.2d 358, 360 (Mo. App. 1992) ("A deficiency suit is based upon the foreclosure sale price. As long as the sale stands, the sum for which the property sold has been held conclusive for the purpose of determining the amount of deficiency.") (internal citations omitted); ***Regional Inv. Co. v. Willis***, 572 S.W.2d 191, 192 (Mo. App. 1978) ("Generally, the price for which property is sold at a trustee's sale is the basis for measuring a deficiency, provided the sale was fairly conducted.").

In 2012—while this case was stayed—the Supreme Court of Missouri affirmed the common law approach to measuring deficiencies. ***First Bank v. Fischer & Frichtel, Inc.***, 364 S.W.3d 216, 220-21 (Mo. banc 2012). The court stated the issue:

This case involves the question of whether the amount of the deficiency owed by Fischer & Frichtel Inc., a sophisticated commercial debtor, after a foreclosure sale of its property should be measured by the difference between the amount of the unpaid debt and the amount obtained at the foreclosure sale or, instead, by the difference between the amount of the unpaid debt and the fair market value of the property at the time of the foreclosure sale.

*Id.* at 217. The court then discussed the "two general approaches to reviewing claims that the amount received for a property at a foreclosure sale is insufficient."

One approach is to allow the foreclosure sale price to be used in determining the deficiency only if the debtor does not challenge the adequacy of the foreclosure sale price in the deficiency action. If there is such a challenge, states that use this approach rely on a variety of standards, usually set by statute, for determining whether to reject the foreclosure sale price in favor of fair market value as a measure of the deficiency, ranging from whether there is a difference between the two prices, to whether the foreclosure sale price is substantially lower than the fair market value, to whether the foreclosure sale price is so much lower than the fair market value that it shocks the conscience.

Fischer & Frichtel argues that Missouri should adopt the most liberal of these standards—that recommended by section 8.4 of the Restatement (Third) of Property (1997)—and always allow debtors to pay only the difference between the debt and the fair market value of the property at the time of the foreclosure if the debtor challenges the foreclosure price.

**Missouri and many of the other states in which the method of measuring deficiencies is governed by the common law traditionally have followed a different approach, however. These states require a debtor to pay as a deficiency the full difference between the debt and the foreclosure sale price.** They do not permit a debtor to attack the sufficiency of the foreclosure sale price *as part of the deficiency proceeding* even if the debtor believes that the foreclosure sale price was inadequate.

*Id.* at 219-20 (emphasis added; italicized phrase in original). The court concluded:

> This is not a case, therefore, in which to consider a modification of the standard for setting aside a foreclosure sale solely due to inadequacy of price or **whether a change should be made in the manner of determining a deficiency where the foreclosure price is less than the fair market value.**

*Id.* at 224 (emphasis added).

Despite recognizing *Fischer* and its obligation to follow Missouri law as declared by the supreme court, the district court found that the supreme court "seems willing to adopt some form of the Restatement approach in measuring deficiencies." The district court also hypothesized that "if the Missouri Supreme Court were to address the issue today with the right case, it would follow the Restatement approach for valuing the deficiency amount."

Sunrise Farms similarly asserts that *Fischer* "indicated that the common law approach was ripe for change" but "neither affirmed nor altered the existing Missouri law regarding deficiencies." Sunrise Farms contends that the method for calculating deficiencies is open and ambiguous, authorizing the district court to predict how the supreme court would rule in a case with "the right set of facts." *See JPMorgan Chase Bank, N.A. v. Johnson*, 719 F.3d 1010, 1015 (8th Cir. 2013), *citing Sloan v. Motorists Mut. Ins. Co.*, 368 F.3d 853, 856 (8th Cir. 2004) (where a case relying on state law presents a matter of first impression, a federal court sitting in diversity must predict how the state's highest court would decide the issue).

Nothing in *Fischer* supports these conclusions. *Fischer* unambiguously declines to change the Missouri common law on calculating deficiencies. *Fischer*, 364 S.W. 3d at 217, 224. While the supreme court discusses two approaches for measuring deficiencies, it notes that the "policy debate presented by the parties may

explain why so many states have chosen to deal with this issue by statute, rather than by common law." *Id.* at 222. The court affirms well-settled, long-standing Missouri law that deficiencies be measured by the difference between the debt and the foreclosure sale price. *Id.* at 224. *See also* **Frontenac Bank v. T.R. Hughes, Inc.**, 404 S.W.3d 272, 279 (Mo. App. 2012), *reh'g and/or transfer denied* (Nov. 13, 2012), *transfer denied* (Jan. 29, 2013) (following *Fischer* and holding "[i]n accordance with the Missouri Supreme Court's affirmation of well-established law in Missouri, we find Defendants' loans were credited properly with the amounts paid by Frontenac at the foreclosure sales").

Sunrise Farms also maintains *Fischer* does not control because the debtor there challenged only the deficiency calculation, not the foreclosure sale. Relying on this difference, Sunrise Farms asserts that "[t]here could not be a more appropriate case" to reevaluate the proper method for calculating deficiencies. *See* **Gilstrap**, 998 F.2d at 560; **Taylor**, 793 F.2d at 191.

There is no legal basis for this alleged distinction. True, Sunrise Farms challenged the validity of the foreclosure sale. However, the district court upheld the sale, and Sunrise Farms did not appeal. *See* **M&I Marshall & Ilsley Bank v. Sunrise Farms Dev., LLC**, Appeal No. 13-1807 (8th Cir. Apr. 30, 2013) (granting Sunrise Farms' motion to dismiss its cross-appeal). Under the law of the case doctrine, the sale is valid. *See* **Morris v. American Nat. Can Corp.**, 988 F.2d 50, 52 (8th Cir. 1993), *citing* **Arizona v. California**, 460 U.S. 605, 618 (1983) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

At any rate, *Fischer* contains no clear and persuasive indication that its holding should be judicially modified, limited, or restricted. *See* **Gilstrap**, 998 F.2d at 561 ("Our task is fairly simple: if we find clear evidence that the [state] Supreme Court would not uphold [the prior decision], we shall not apply it to this case; but if instead

we find no clear evidence that [the state's] highest court would overrule [the prior decision], we shall then consider it binding precedent."). Where, as here, the state's highest court has unambiguously articulated state law, the district court must apply it. *Id.* Because the district court ignored clear, well-settled Missouri law, it erred in calculating the deficiency based on the property's fair market value rather than the foreclosure sale price.

*******

The judgment is reversed, and the case remanded for proceedings consistent with this opinion.

_____